```
18:00  1              IN THE UNITED STATES DISTRICT COURT
                       FOR THE NORTHERN DISTRICT OF TEXAS
       2                       DALLAS DIVISION

       3

       4    UNITED STATES OF AMERICA      (
                  Plaintiff,              (
       5                                  (
            vs.                           (
       6                                  (
            MICHAEL COMER                 (     Number 3: 08-CR-085-N
       7    JOSE LOPEZ-AGUIRRE            (     Number 3: 07-CR-331-G
            EDUARDO SALDANA-VASQUEZ       (     Number 3: 08-CR-102-K
18:00  8    JOHN FRANKLIN ISOM            (     Number 3: 08-CR-072-N
                                          (
       9          Defendants.            (     June 10, 2008

      10

      11    _____

      12                        Rearraignment
              Before the Honorable Magistrate Judge Paul Stickney

      13    _____

      14    A P P E A R A N C E S:

      15

      16    For the Government:      PAUL YANOWITCH
                                     KEITH ROBINSON
      17                             CHARLES BROWN
                                     UNITED STATES ATTORNEY'S OFFICE
      18                             1100 Commerce Street
                                     Dallas, Texas 75242
      19                             Phone: 214-659-8600
                                     Email: paul.yanowitch@usdoj.gov

      20

      21    For the Defendant Comer:

      22                             WILLIAM B. MATEJA
                                     KIPRIAN MENDRYGAL
      23                             Fish & Richardson
                                     1717 Main Street, Suite 5000
      24                             Dallas, TX 75201
                                     Phone: 214/747-5070
      25                             Fax: 214/747-2091 FAX
                                     Email: mateja@fr.com
```

```
18:00  1    For the Defendant Lopez-Aguirre:

       2                            Brian O'Shea
                                    Law Office of Brian O'Shea
       3                            5646 Milton, Suite 330
                                    Dallas, TX 75206
       4                            Phone: 214/537-1475
                                    Fax: 214/739-1419
       5                            Email: boshea@sbcglobal.net

       6    For the Defendant John Franklin Isom:

       7                            MARK S. WERBNER
                                    CHRIS HOGUE
18:00  8                            SAYLES WERBNER
                                    4400 Renaissance Tower
       9                            1201 Elm Street
                                    Dallas, TX 75270
      10                            Phone: 214/939-8700
                                    Fax: 214/939-8787 FAX
      11                            Email: mwerbner@swtriallaw.com

      12    For the Defendant Saldana-Vasquez:

      13                            LAURA HARPER
                                    FEDERAL PUBLIC DEFENDER
      14                            525 Griffin Street, Suite 629
                                    Dallas, Texas 75202
      15                            Phone: 214-767-2647

      16    Reported by:           Cassidi L. Casey
                                    1100 Commerce Street, Rm 15D6L
      17                            Dallas, Texas 75242
                                         214-354-3139
      18

      19

      20

      21

      22

      23

      24

      25
```

18:00  1                    P R O C E E D I N G S:

       2              THE COURT:  Court is in session in the matter of

       3    United States of America versus Antonio Lopez Aguirre,

       4    Case Number 3:07-331-G.

       5              MR. ROBINSON:  Keith Robinson for the United

       6    States.

       7              MR. O'SHEA:  Brian O'Shea for Mr. Lopez-Aguirre.

       8              THE COURT:  Does the defendant need the services

       9    of an interpreter?

      10              MR. O'SHEA:  Yes, your Honor.

      11              (Sworn)

      12              THE COURT:  Mr. Lopez-Aguirre, I am going to

      13    swear you under oath.  Would you raise your right hand.

      14              (Sworn)

08:23 15              MR. LOPEZ-AGUIRRE:  Yes.

      16              THE COURT:  Please state your full name for the

      17    record.

      18              MR. LOPEZ-AGUIRRE:  Jose Antonio Lopez-Aguirre.

      19              THE COURT:  Do you understand that you are now

      20    under oath and if you answer any of my questions falsely

      21    you could later be charged with perjury or making a false

      22    statement.

      23              MR. LOPEZ-AGUIRRE:  Yes.

      24              THE COURT:  Do you read, write and understand

      25    the English language?

08:23  1            MR. LOPEZ-AGUIRRE:  No.

       2            THE COURT:  Do you read, write and understand

       3     the Spanish language?

       4            MR. LOPEZ-AGUIRRE:  Yes.

       5            THE COURT:  How old are you, sir?

       6            MR. LOPEZ-AGUIRRE:  Twenty-nine.

       7            THE COURT:  And in what year were you born?

       8            MR. LOPEZ-AGUIRRE:  1979.

       9            THE COURT:  In the last six months have you been

      10     under the care of a physician or psychiatrist?

      11            MR. LOPEZ-AGUIRRE:  Yes.

      12            THE COURT:  And what was that for?

      13            MR. LOPEZ-AGUIRRE:  For an examination and I'm

      14     all right.

08:24 15            THE COURT:  Are you on any medication?

      16            MR. LOPEZ-AGUIRRE:  No.

      17            THE COURT:  Are you now under the influence of

      18     alcohol or any other drug?

      19            MR. LOPEZ-AGUIRRE:  No.

      20            THE COURT:  Do you suffer from my mental or

      21     emotional disability or problem?

      22            MR. LOPEZ-AGUIRRE:  No.

      23            THE COURT:  Are you of sound mind and do you

      24     understand what you are doing here today?

      25            MR. LOPEZ-AGUIRRE:  Yes.

08:24   1           THE COURT:  Mr. O'Shea, any reason to believe

  2   that Mr. Lopez-Aguirre is not fully competent to enter a

  3   plea of guilty?

  4           MR. O'SHEA:  No, your Honor.

  5           THE COURT:  Do you believe the plea that he is

  6   proposing to make would be a knowing and voluntary plea?

  7           MR. O'SHEA:  Yes, your Honor.

  8           THE COURT:  If I could have you step to the side

  9   while I call the next case which is United States against

  10   Saldana-Vasquez.

  11           MR. BROWN:  Charles Brown for the government.

  12           MS. HARPER:  Laura Harper for Mr.

  13   Saldana-Vasquez.

  14           THE COURT:  Does the defendant need the services

08:25 15   of an interpreter?

  16           MS. HARPER:  Yes, your Honor.

  17           (Sworn)

  18           THE COURT:  Are you Eduardo Saldana-Vasquez?

  19           MR. SALDANA-VASQUEZ:  Yes, sir.

  20           THE COURT:  Please raise your right hand and

  21   I'll swear you under oath.

  22           (Sworn)

  23           MR. SALDANA-VASQUEZ:  Yes, sir.

  24           THE COURT:  Please state your full name for the

  25   record.

08:25   1            MR. SALDANA-VASQUEZ:  Eduardo Saldana-Vasquez.

       2            THE COURT:  Do you understand that you are now

       3 under oath and if you answer any of my questions falsely

       4 you could later be charged with perjury or making a false

       5 statement?

       6            MR. SALDANA-VASQUEZ:  Yes, sir.

       7            THE COURT:  Do you read, write and understand

       8 the English language?

       9            MR. SALDANA-VASQUEZ:  No, sir.

     10            THE COURT:  Do you read, write and understand

     11 the Spanish language?

     12            MR. SALDANA-VASQUEZ:  Yes, sir.

     13            THE COURT:  How much English do you speak?

     14            MR. SALDANA-VASQUEZ:  Eighty percent.

08:26 15            THE COURT:  Are you more comfortable with an

     16 interpreter?

     17            MR. SALDANA-VASQUEZ:  With interpreter.

     18            THE COURT:  How old are you?

     19            MR. SALDANA-VASQUEZ:  Twenty-five years.

     20            THE COURT:  And in what year were you born?

     21            MR. SALDANA-VASQUEZ:  In 1983.

     22            THE COURT:  In the last six months, have you

     23 been under the care of a physician or psychiatrist?

     24            MR. SALDANA-VASQUEZ:  No, sir.

     25            THE COURT:  Do you suffer from any mental or

08:26  1    emotional disability or problem?

2                MR. SALDANA-VASQUEZ:  No, your Honor.

3                THE COURT:  Are you now under the influence of

4    alcohol or any other drug?

5                MR. SALDANA-VASQUEZ:  No, sir.

6                THE COURT:  Are you of sound mind and do you

7    understand what it is that you are doing here today?

8                MR. SALDANA-VASQUEZ:  Yes, sir.

9                THE COURT:  Ms. Harper, any reason to believe

10   that Mr. Saldana-Vasquez is not fully competent to enter a

11   plea of guilty?

12               MS. HARPER:  No, your Honor.

13               THE COURT:  Do you believe the plea of guilty

14   that he is proposing to make would be a knowing and

08:27 15   voluntary plea?

16               MS. HARPER:  Yes, your Honor.

17               THE COURT:  If I could have you step to one side

18   while I call the next case which is United States of

19   America versus Michael Comer, Case Number 3:08-CR-85.

20               MR. YANOWITCH:  Paul Yanowitch for the

21   government, your Honor.

22               MR. MATEJA:  Bill Mateja on behalf of the

23   defense, your Honor.

24               THE COURT:  Mr. Comer, if you would raise your

25   right hand.

08:27  1              (Sworn)

2              MR. COMER:  Yes, sir.

3              THE COURT:  Thank you.  Please state your full

4     name for the record.

5              MR. COMER:  Michael Lee Comer.

6              THE COURT:  Do you understand that you are now

7     under oath and if you answer any of my questions falsely

8     you could later be charged with perjury or making a false

9     statement?

10              MR. COMER:  Yes, sir.

11              THE COURT:  Do you read, write and understand

12     the English language?

13              MR. COMER:  Yes, sir.

14              THE COURT:  And how old are you?

08:28 15              MR. COMER:  Thirty-three.

16              THE COURT:  And what year were you born?

17              MR. COMER:  1974.

18              THE COURT:  And in the last six months, have you

19     been under the care of a physician or psychiatrist?

20              MR. COMER:  No, sir.

21              THE COURT:  Do you suffer from any mental or

22     emotional problem?

23              MR. COMER:  No, sir.

24              THE COURT:  Are you now under the influence of

25     alcohol or any drug?

08:28  1              MR. COMER:  No, sir.

2              THE COURT:  Are you of sound mind and do you

3       understand what it is you are doing here today?

4              MR. COMER:  Yes, sir.

5              THE COURT:  Counsel, any reason to believe that

6       Mr. Comer is not fully competent to enter a plea of

7       guilty?

8              MR. MATEJA:  No, your Honor.

9              THE COURT:  Do you believe the plea he is

10      proposing to make would be a knowing and voluntary plea?

11             MR. MATEJA:  I do, your Honor.

12             THE COURT:  I'll have you step to one side and

13      I'll call the next case.  United States against John

14      Franklin Isom, Number 3: 08-CR-072.

08:28  15             MR. BROWN:  Charles Brown for the government.

16             MR. HOGUE:  Chris Hogue for Mr. Isom.

17             THE COURT:  Thank you.

18             (Sworn)

19             THE COURT:  Please state your full name for the

20      record.

21             MR. ISOM:  John Franklin Isom, Junior.

22             THE COURT:  Do you understand that you are now

23      under oath and if you answer any of my questions falsely

24      you could later be charged with perjury or making a false

25      statement?

08:29  1          MR. ISOM:  Yes, sir.

2          THE COURT:  Do you read, write and understand

3    the English language?

4          MR. ISOM:  Yes, sir.

5          THE COURT:  And how old are you?

6          MR. ISOM:  Thirty-two.

7          THE COURT:  And what year were you born?

8          MR. ISOM:  1975.

9          THE COURT:  In the last six months have you been

10   under the care of a physician or psychiatrist?

11         MR. COMER:  Yes, sir.

12         THE COURT:  What was that for?

13         MR. COMER:  Worried about U.S. probation.

14         THE COURT:  Are you on any medication for that?

08:29 15         MR. COMER:  No, sir.

16         THE COURT:  Do you suffer from any emotional or

17   mental disability?

18         MR. COMER:  No, sir.

19         THE COURT:  Are you now under the influence of

20   alcohol or any drug?

21         MR. COMER:  No.

22         THE COURT:  Are you of sound mind and understand

23   what you are doing today?

24         MR. COMER:  Yes, sir.

25         THE COURT:  Counsel, do you believe that Mr.

08:29  1    Comer is fully competent to enter a plea?

2              MR. MATEJA:  Yes, sir.

3              THE COURT:  Do you believe the plea he is

4    proposing to make is a knowing and voluntary plea?

5              MR. MATEJA:  Yes, sir.

6              THE COURT:  Now, I inform each of you that you

7    have the right to enter your guilty pleas before the

8    United States District judge assigned to your case.

9    However, you may consent and proceed before me, a United

10   States Magistrate Judge.  If you do so, I would then make

11   recommendations to the District Judge that he or she

12   accept or reject your pleas of guilty.  You would have ten

13   days in which to file any objection to those findings.

14             Now, in each of your cases, I have a signed

08:32 15   consent form in which you consent to proceeding before me

16   with your plea of guilty.

17             Mr. Lopez, is this yours?

18             MR. LOPEZ-AGUIRRE:  Yes, sir.

19             THE COURT:  Did you go over this with counsel

20   before you signed it?

21             MR. LOPEZ-AGUIRRE:  Yes.

22             THE COURT:  And do you wish to consent and

23   proceed before me with your plea of guilty today?

24             MR. LOPEZ-AGUIRRE:  Yes.

25             THE COURT:  Mr. Saldana-Vasquez, is this yours?

08:33 1                  MR. SALDANA-VASQUEZ:  Yes, sir.

2                  THE COURT:  Did you go over this with counsel

3  before you signed it?

4                  MR. SALDANA-VASQUEZ:  Yes.

5                  THE COURT:  And do you also wish to proceed

6  before me with your plea of guilty today?

7                  MR. SALDANA-VASQUEZ:  Yes, sir.

8                  THE COURT:  Mr. Isom, is this yours?

9                  MR. ISOM:  Yes, sir.

10                THE COURT:  Did you read this before you signed

11  it?

12                MR. ISOM:  Yes, sir.

13                THE COURT:  Do you wish to consent and proceed

14  before me with your plea of guilty today?

08:33 15               MR. ISOM:  Yes, sir.

16                THE COURT:  Mr. Comer, is this yours?

17                MR. ISOM:  Yes, sir.

18                THE COURT:  Did you read this before you signed

19  it?

20                MR. ISOM:  Yes, sir.

21                THE COURT:  And do you also wish to consent and

22  proceed before me with your plea of guilty?

23                MR. ISOM:  Yes, sir.

24                THE COURT:  In each case I will order the filing

25  of the consent forms.  I am going over your Constitutional

08:33　1　rights, and these are important so I want you to pay close

2　attention.  You may, if you choose, plea not guilty to any

3　charge against you, and you may persists in that plea.

4　The Constitution of the United States guarantees to you

5　each of the following rights:  You have the right to a

6　speedy and public trial by a jury in this district.  You

7　have the right at such a trial to confront -- that is to

8　see, hear and cross examine -- all witnesses against you.

9　You have the right to use the power and the process of

10　court to compel the production of evidence including the

11　attendance of any witnesses in your favor, and you have

12　the right to have the assistance of an attorney in your

13　defense in all stages of the proceedings.  And if

14　necessary, I would appoint an attorney to represent you if

08:34 15　you did not have or could not afford an attorney.

16　　　　　　At such a trial, you cannot be compelled to

17　testify, and whether or not you did decide to testify

18　would be a matter upon which your judgment alone would

19　control.

20　　　　　　At such a trial, the United States would be

21　required to prove your guilt beyond a reasonable doubt,

22　and if you were found guilty, you would have the right to

23　appeal your conviction.

24　　　　　　Mr. Lopez-Aguirre, did you understand each of my

25　explanations about your Constitutional rights?

08:34 1          MR. LOPEZ-AGUIRRE:  Yes, sir.

2          THE COURT:  Mr. Saldana-Vasquez, did you?

3          MR. SALDANA-VASQUEZ:  Yes, sir.

4          THE COURT:  Mr. Isom, did you?

5          MR. ISOM:  Yes, sir.

6          THE COURT:  Mr. Comer, did you.

7          MR. COMER:  Yes, sir.

8          THE COURT:  On the other hand, if you plead

9    guilty and such a plea is accepted by the District Judge,

10   there will not be a further trial of any kind so that by

11   pleading guilty, you would be waiving your rights to a

12   trial as well as the other rights associated with the

13   trial as I have described them.

14          Generally, a defendant cannot plead guilty

08:35 15  unless he is actually guilty of that crime.  In federal

16   court, the judge determines the penalty, whether the

17   conviction is by way of a plea of guilty or by verdict of

18   a jury.

19          The Court has not and will not talk to anyone

20   about the facts of your case except in your presence where

21   you and your attorney and representatives of the

22   government are all present.

23          If you should be convicted you and your attorney

24   each will be given an opportunity to present to the

25   District Judge any pleas for leniency.

08:35  1          The penalty will be decided based upon the facts

       2    heard in open court.  You should not depend or rely on any

       3    statement or promise by anyone, whether connected with law

       4    enforcement or government or anyone else, as to what the

       5    penalty should be in your case.

       6          Should you decide to plead guilty, your plea of

       7    guilty must not be induced by any promise, threats or

       8    pressure or coercion of any kind.  A plea of guilty should

       9    be voluntarily made, and you should plead guilty only

      10    because you are guilty and for no other reason.  Mr.

      11    Lopez-Aguirre, did you understand each of my explanations

      12    about pleading guilty?

      13          MR. LOPEZ-AGUIRRE:  Yes, sir.

      14          THE COURT:  Mr. Saldana-Vasquez, did you?

08:36 15          MR. SALDANA-VASQUEZ:  Yes, sir.

      16          THE COURT:  Mr. Isom, did you?

      17          MR. ISOM:  Yes, sir.

      18          THE COURT:  Mr. Comer, did you?

      19          MR. COMER:  Yes, sir.

      20          THE COURT:  Have you each discussed with your

      21    attorneys how the sentencing guidelines would apply in

      22    your case?  Mr. Lopez-Aguirre?

      23          MR. LOPEZ-AGUIRRE:  Yes, sir.

      24          THE COURT:  Mr. Saldana-Vasquez.

      25          MR. SALDANA-VAQUEZ:  Yes, sir.

08:36  1          THE COURT:  Mr. Isom.

2          MR. ISOM:  Yes, sir.

3          THE COURT:  Mr. Comer?

4          MR. COMER:  Yes, sir.

5          THE COURT:  Even though you have discussed how

6     those sentencing guidelines would apply in your case, I am

7     required to inform you under the Sentencing Reform Act of

8     1984 that the United States Sentencing Commission has

9     issued guidelines to follow in each criminal case.  Those

10    guidelines have now been determined to be advisory.  Even

11    so, the court is required to consider any applicable

12    sentencing guidelines and may it depart from those

13    guidelines as long as the judge does so reasonably.

14          The Court is not bound by facts stipulated

08:37 15    between you and your attorney on the one hand and the

16    government on the other.  The Court may take into account

17    facts not in the stipulation and may disregard the

18    stipulated facts that are made.  You might not be

19    permitted to withdraw your pleas of guilty in such an

20    event.

21          The Court will not be able to determine the

22    guidelines for your case until after the presentence

23    report has been prepared and you and your attorney and the

24    government have had the opportunity to challenge the facts

25    proposed by the probation officer.  You have the right to

08:37   1    waive that right, and under some circumstances the

2    government has the right to appeal.  Parole has been

3    abolished, and if you were sentenced to prison, you will

4    not be released on parole.

5           Mr. Lopez-Aguirre, did you understand each of my

6    explanations about sentencing?

7           MR. LOPEZ-AGUIRRE:  Yes, sir.

8           THE COURT:  Mr. Saldana-Vasquez?

9           MR. SALDANA-VASQUEZ:  Yes, sir.

10          THE COURT:  Mr. Isom?

11          MR. ISOM:  Yes, sir.

12          THE COURT:  Mr. Comer, did you?

13          MR. COMER:  Yes, sir.

14          THE COURT:  Thank you.

08:38  15          I am going to have you each take a seat with the

16   exception of Mr. Lopez-Aguirre, and I will continue with

17   his case.

18          It's my understanding, Mr. O'Shea, that Mr.

19   Lopez-Aguirre is pleading guilty to Count 1 of the

20   superseding indictment.  Is that correct?

21          MR. O'SHEA:  That's correct, your Honor.

22          THE COURT:  Mr. Lopez-Aguirre, have you received

23   a copy of this indictment?

24          MR. LOPEZ-AGUIRRE:  Yes.

25          THE COURT:  Has it been read to you in Spanish?

08:39  1              MR. LOPEZ-AGUIRRE:  No.  Yes.

       2              THE COURT:  Do you understand what it charges

       3    you with?

       4              MR. LOPEZ-AGUIRRE:  Yes.

       5              THE COURT:  Now, even though you understand

       6    that, I could have it read out loud if you wish.  But

       7    seeing as you understand what you are charged with, I will

       8    allow you to waive the reading.  Do you wish to waive the

       9    reading?

      10              MR. LOPEZ-AGUIRRE:  Yes.

      11              THE COURT:  Even though you have waived the

      12    reading --

      13              MR. O'SHEA:  I'm sorry, your Honor.  He's saying

      14    he wants it read again.

08:39 15              THE COURT:  Do you want it read again?  That's

      16    not a problem.

      17              You can read it just as to this defendant.

      18              MR. ROBINSON:  All right.

      19              (Indictment read)

      20              MR. ROBINSON:  Would you like me to read the

      21    forfeiture count?

      22              THE COURT:  Is he pleading true to it?

      23              MR. ROBINSON:  Yes.

      24              THE COURT:  Then you better.

      25              (Forfeiture count read)

08:43   1          THE COURT:  Thank you.  Mr. Lopez-Aguirre, do

2    you understand what you are charged with in this

3    indictment?

4          MR. LOPEZ-AGUIRRE:  Yes.

5          THE COURT:  Now, even though you do understand

6    that, I am still required to go over the essential

7    elements of this offense that the government would have to

8    prove to a jury beyond a reasonable doubt before you could

9    be found guilty, and I want you to pay close attention to

10   the essential elements of Count 1 of the indictment

11   because after this has been read in the record I am going

12   to ask you if you admit to committing each of them.

13          (Essential elements read)

14          THE COURT:  Thank you.  Mr. Lopez-Aguirre, do

08:44   15   you understand that those are the essential elements of

16   Count 1 of the superceding indictment that the government

17   would have to prove to a jury beyond a reasonable doubt

18   before you could be found guilty?

19          MR. LOPEZ-AGUIRRE:  Yes, sir.

20          THE COURT:  Do you admit to committing each of

21   those?

22          MR. LOPEZ-AGUIRRE:  Yes, sir.

23          THE COURT:  Now, you have Mr. O'Shea appearing

24   here today with you as your attorney.  And I know that you

25   have discussed the sentencing guidelines with Mr. O'Shea.

08:45  1   Have you also discussed with him the facts and

2   circumstances surrounding these charges?

3          MR. LOPEZ-AGUIRRE:  Yes, sir.

4          THE COURT:  Are you fully satisfied with the

5   advice and representation that he has given to you in this

6   matter?

7          MR. LOPEZ-AGUIRRE:  Yes.

8          THE COURT:  Mr. O'Shea, does the willingness of

9   your client to plead guilty result from plea negotiations

10   with the government that have in turn resulted in a plea

11   agreement?

12          MR. O'SHEA:  That's correct, your Honor.

13          THE COURT:  I do have a document entitled Plea

14   Agreement here in front of me.  This document is nine

08:45  15   pages long, and it has Mr. Lopez-Aguirre's signature on

16   the last two pages.  Sir, did you have this read to you in

17   Spanish before you signed it?

18          MR. LOPEZ-AGUIRRE:  Yes.

19          THE COURT:  Did you voluntarily and of your own

20   free will enter into this plea agreement?

21          MR. LOPEZ-AGUIRRE:  Yes, sir.

22          THE COURT:  Are you asking that Judge Fish

23   accept this plea agreement?

24          MR. LOPEZ-AGUIRRE:  Yes.

25          THE COURT:  Are all the terms of your agreement

08:46  1    with the government contained in this document?

2         MR. LOPEZ-AGUIRRE:  Yes.

3         THE COURT:  Outside of this written plea

4    agreement has anybody made any promise or assurance to you

5    of any kind in an effort to get you to plead guilty?

6         MR. LOPEZ-AGUIRRE:  No.

7         THE COURT:  Has anyone mentally or physically or

8    in any other way attempted to force you to plead guilty?

9         MR. LOPEZ-AGUIRRE:  I'm going to plead guilty.

10        THE COURT:  Do you understand if your guilty

11   plea is accepted by Judge Fish, you will be adjudged

12   guilty by Judge Fish and your punishment will be assisted

13   somewhere in the range provided for by statute?

14        MR. LOPEZ-AGUIRRE:  Yes, sir.

08:47 15        THE COURT:  I am going to summarize this plea

16   agreement in the record, but you have read this, and you

17   have told me that you voluntarily entered into this plea

18   agreement.  So you know if I skip over something in here

19   that you are protected by the written document.

20             Page 1 talks of your rights and that you waive

21   those rights and plead guilty to Count 1 of the

22   superseding indictment, and Count 2, you plead true, the

23   forfeiture proceedings.

24             The maximum penalty the Court can impose for a

25   plea of guilty to Count 1 of the superseding indictment

08:47  1    includes as follows:  A term of imprisonment for a period

2    not less than ten years and not to exceed life.  A fine

3    not to exceed four million dollars or twice any gain to

4    yourself or loss to any victim.  A term of supervised

5    release of not less than five years would be mandatory

6    under the law and would follow any term of imprisonment.

7    If you violate any of those conditions of supervised

8    release, you could be imprisoned for the entire term of

9    supervised release.  You will receive a mandatory special

10    assessment of one hundred dollars and restitution will be

11    ordered under the Mandatory Restitution Act for all of

12    your conduct.  You could be ordered to pay the costs of

13    incarceration and supervision and forfeit any profit.

14            Mr. Lopez-Aguirre are you a citizen of United

08:48 15    States?

16            MR. LOPEZ-AGUIRRE:  No.

17            THE COURT:  The offense to which you are

18    pleading guilty would result in your deportation, and it

19    could adversely affect your ability ever to become a

20    citizen of the United States.  That would be in addition

21    to the maximum punishment that I have just gone over.

22            Do you understand that you are facing all of

23    this punishment by pleading guilty?

24            MR. LOPEZ-AGUIRRE:  Yes.

25            THE COURT:  Do you understand if your actual

08:48  1    sentence is more severe than you anticipate, you will

2    still be bound by your plea of guilty and have no right to

3    withdraw?

4              MR. LOPEZ-AGUIRRE:  Yes.

5              THE COURT:  Paragraph 4, the sentencing is

6    entirely up to Judge Fish.  Paragraph 5, you will pay the

7    special assessment of one hundred dollars.  You'll forfeit

8    all rights, Paragraph 7, and interest in the following

9    property which lists all the property that was listed in

10   the indictment that was just read to you.  In addition, it

11   encompasses 1.48 million dollars in currency seized in

12   October of 2007 plus numerous firearms and ammunition.

13             The government agrees not to bring any

14   additional charges against you and will dismiss any

08:49  15   remaining charges after sentencing.  If you violate this

16   agreement, you have no agreement with the government.  You

17   have waived your right to appeal or otherwise challenge

18   your sentence in habeas corpus provisions, but you have

19   the reserved the right to bring a direct appeal to a

20   sentence that exceeds the statutory maximum, mathematical

21   errors and to challenge the voluntariness of your plea of

22   guilty or this waiver and to bring a claim of ineffective

23   assistance of counsel.

24             Do you understand that you have the right to

25   appeal or otherwise challenge your sentence?

08:50 1              MR. LOPEZ-AGUIRRE:  Yes, sir.

2              THE COURT:  And you wish to waive those rights

3        except in these limited circumstances?

4              MR. LOPEZ-AGUIRRE:  Yes.

5              THE COURT:  I order the plea agreement be filed

6        in this matter.  Mr. Lopez-Aguirre, do you need me to go

7        over any aspect of this punishment with you further?

8              MR. LOPEZ-AGUIRRE:  No.

9              THE COURT:  Having heard all the foregoing, how

10       do you plead to Count 1 of the superseding indictment?

11       Guilty or not guilty?

12             MR. LOPEZ-AGUIRRE:  Guilty.

13             THE COURT:  And how do you plead to Count 2, the

14       forfeiture allegation, true or not true?

08:51 15             MR. LOPEZ-AGUIRRE:  Yes, true.

16             THE COURT:  This Court will then make a

17       recommendation to Judge Fish that he accept your plea of

18       guilty on the condition that there is a factual basis to

19       support this plea.

20             I have a factual resume here in front of me, and

21       it's five pages long, and it bears your signature on the

22       last page as well as of that Mr. O'Shea and the

23       government.  I have read this factual resume.  Are these

24       facts as stated in the Factual Resume true facts?

25             MR. LOPEZ-AGUIRRE:  Yes.

08:51   1          THE COURT:  And these were read to you and you

2      went over them with your attorney before you signed it?

3          MR. LOPEZ-AGUIRRE:  Yes.

4          THE COURT:  Now, it would be appropriate to read

5      these into the record.  Since you have told me these are

6      true facts, I will allow you to waive the reading.  Do you

7      wish to waive the reading?

8          MR. LOPEZ-AGUIRRE:  Waive the reading.

9          THE COURT:  The Court being satisfied then with

10     the responses given in the case of United States of

11     America versus Lopez-Aguirre, Case Number 3:07-CR-331-G,

12     the Court finds that Mr. Lopez-Aguirre is competent and

13     capable of entering an informed plea to Count 1 and plea

14     of true to Count 2, that the pleas are knowing, voluntary

08:52  15     pleas containing each of the essential elements as charged

16     in Counts 1 and 2.

17          It is recommended to Judge Fish that he accept

18     your pleas of guilty and true, and if he does, you will be

19     adjudged guilty of this offense.  I have entered my

20     findings, and these findings are basically recommending to

21     Judge Fish that he accept your plea of guilty.  You have

22     ten days from today's date in which to file any objection

23     to those findings.

24          Now, what happens next is Mr. O'Shea is going to

25     set up an appointment with the Probation Office to come

08:53  1   out and visit with you to get information for the

2   presentence report.  You will be asked to give information

3   for this presentence report in the interview, and your

4   degree of cooperation would be a factor in the severity of

5   your sentence.

6          As you already know, Mr. O'Shea is very well

7   versed in this process, and he would be with you during

8   that interview to make sure that everything runs smoothly.

9          Sentencing in this matter is set for September

10   2nd, 2008 at 1:45 p.m.  The presentence report due date is

11   July 29.  What other matters from the government?

12          MR. ROBINSON:  Nothing else, your Honor.

13          THE COURT:  Mr. O'Shea?

14          MR. O'SHEA:  Nothing, your Honor.

08:53  15          THE COURT:  Mr. Saldana-Vasquez.  Ms. Harper, my

16   understanding is Mr. Saldana-Vasquez is pleading guilty to

17   Count 1 of the indictment.  Is that correct?

18          MS. HARPER:  That's correct, your Honor.

19          THE COURT:  Mr. Saldana-Vasquez, have you

20   received a copy of this indictment?

21          MR. SALDANA-VASQUEZ:  Yes, sir.

22          THE COURT:  Has it been read to you in Spanish?

23          MR. SALDANA-VASQUEZ:  Yes, sir.

24          THE COURT:  Do you understand what it says that

25   you did?

08:54  1                MR. SALDANA-VASQUEZ:  Yes, sir.

       2                THE COURT:  Now, I could have it read out loud

       3      if you wish, but seeing as you understand what you are

       4      charged with, I will allow you to waive the reading.  Do

       5      you wish to waive the reading?

       6                MR. SALDANA-VASQUEZ:  Waive the reading.

       7                THE COURT:  Even though you have waived the

       8      reading of the indictment, I am required to go over the

       9      essential elements of this offense that the government

      10      would have to prove to a jury beyond a reasonable doubt.

      11      Now, I want you to pay close attention to these essential

      12      elements because after these are read into the record, I

      13      am going to ask you if you admit to committing each of

      14      them.

08:55 15                (Essential elements read)

      16                THE COURT:  Mr. Saldana-Vasquez, do you

      17      understand that those are the essential elements of Count

      18      1 of the indictment that the government would have to

      19      prove to a jury beyond a reasonable doubt before you could

      20      be found guilty?

      21                MR. SALDANA-VASQUEZ:  Yes, sir.

      22                THE COURT:  Do you admit to committing each of

      23      those?

      24                MR. SALDANA-VASQUEZ:  Yes, sir.

      25                THE COURT:  Now, you have Ms. Harper appearing

08:56  1    here today with you as your attorney.  And I know that you

       2    have discussed the Sentencing Guidelines.  Have you also

       3    discussed with Ms. Harper the facts and circumstances

       4    surrounding these charges?

       5              MR. SALDANA-VASQUEZ:  Yes, sir.

       6              THE COURT:  And are you fully satisfied with the

       7    advice and representation that she has given you in this

       8    matter?

       9              MR. SALDANA-VASQUEZ:  Yes, sir.

      10              THE COURT:  Ms. Harper, does the willingness of

      11    your client to plead guilty result from plea negotiations

      12    with the government that have in turn resulted in a plea

      13    agreement?

      14              MS. HARPER:  No, your Honor.

08:56 15              THE COURT:  Mr. Saldana-Vasquez, has anybody

      16    made any promise or assurance to you of any kind in an

      17    effort to get you to plead guilty today?

      18              MR. SALDANA-VASQUEZ:  No, sir.

      19              THE COURT:  Has anyone mentally or physically or

      20    any other way attempted to force you to plead guilty?

      21              MR. SALDANA-VASQUEZ:  No, sir.

      22              THE COURT:  Do you understand that if your

      23    guilty plea is accepted by Judge Kinkeade, you will be

      24    adjudged guilty of this offense and your punishment will

      25    be assessed somewhere in the range provided by statute?

08:57  1          MR. SALDANA-VASQUEZ:  Yes, sir.

2          THE COURT:  By pleading guilty to Count 1 of

3    this indictment, you are facing a penalty as follows:  A

4    term of imprisonment for a period not to exceed twenty

5    years.  If probation is imposed, the term of probation

6    cannot be less than one more than five years; a fine not

7    to exceed $250,000 or twice the pecuniary gain to the

8    defendant or loss to the victim.  A term of supervised

9    release of up to three years would be imposed, and if you

10   violated any of these conditions of supervised release,

11   you could be imprisoned for the entire term of supervised

12   release.  Plus, you will receive a mandatory special

13   assessment of one hundred dollars.  The offense to which

14   you are pleading will also result in your deportation and

08:57  15  could adversely affect your ability ever to re-enter or

16   become a citizen of the United States.

17          Do you understand, Mr. Saldana-Vasquez that you

18   are facing all of this punishment by pleading guilty?

19          MR. SALDANA-VASQUEZ:  Yes, sir.

20          THE COURT:  Do you understand the penalty is

21   entirely up to Judge Kinkeade?

22          MR. SALDANA-VASQUEZ:  Yes, sir.

23          THE COURT:  Do you need me to go over any aspect

24   of this punishment with you further?

25          MR. SALDANA-VASQUEZ:  No, sir.

08:58  1          THE COURT:  Having heard all the foregoing, how

       2  do you plead to Count 1 of the indictment?  Guilty or not

       3  guilty.

       4          MR. SALDANA-VASQUEZ:  Guilty.

       5          THE COURT:  This Court will then recommend to

       6  Judge Kinkeade that he accept your plea of guilty on the

       7  condition that there is a factual basis to support the

       8  plea.  I have a Factual Resume in front of me which is

       9  four pages long, and that is your signature on the last

      10  page as well as of that of Ms. Harper.  Did you read this

      11  in Spanish before you signed it?

      12          MR. SALDANA-VASQUEZ:  Yes, sir.

      13          THE COURT:  Are the facts as stated in the

      14  stipulated facts in Paragraph 5 true facts?

08:59 15          MR. SALDANA-VASQUEZ:  Yes, sir.

      16          THE COURT:  And are they consistent with the

      17  true facts as you understand them from your investigation,

      18  Ms. Harper?

      19          MS. HARPER:  They are, your Honor.

      20          THE COURT:  It would be appropriate to read this

      21  into the record at this time, but I have read this, and

      22  you have told me these are true.  So I will allow you to

      23  waive reading this.  Do you wish to waive the reading of

      24  the Factual Resume?

      25          MR. SALDANA-VASQUEZ:  Waive, your Honor.

08:59   1          THE COURT:  The Court being satisfied with the

2       responses given in the case of United States of America

3       versus Saldana-Vasquez 3:08-CR-102-K, the Court finds that

4       Mr. Vasquez is fully competent and capable of entering an

5       informed plea.  The plea is supported by an independent

6       basis in fact containing each of the essential elements of

7       the offense charged, and it is recommended to Judge

8       Kinkeade that he accept Mr. Vasquez's plea of guilty, and

9       if he does, he would be adjudged guilty of this offense.

10          I have entered my findings, and these findings

11      are basically recommending to Judge Kinkeade that he

12      accept this plea.  You have ten days from today to file

13      any objections.

14          What happens next is Ms. Harper is going to set

09:00 15   up an appointment with the Probation Office to come out

16      and visit with you to begin this presentence report.  You

17      will be asked to give information for the report, and your

18      degree of cooperation would be a factor in the severity of

19      your sentence.  As you already know, Ms. Harper is very

20      well versed in this process, and she will be with you to

21      make sure that everything runs smoothly for you.

22          Sentencing is September 10, 9:30 a.m. with a

23      presentence report due July 29.  A scheduling order will

24      issue.  Anything else?

25          MS. HARPER:  No, sir.

09:00  1            MR. BROWN:  No, sir.

      2            THE COURT:  You may be excused.

      3            Mr. Isom.  My understanding is Mr. Isom will be

      4  pleading guilty to Count 3 of the indictment.  Is that

      5  correct?

      6            MR. HOGUE:  Yes, your Honor.

      7            THE COURT:  Sir, have you received a copy of

      8  this indictment?

      9            MR. ISOM:  Yes, sir.

    10            THE COURT:  Have you read it?

    11            MR. ISOM:  Yes, sir.

    12            THE COURT:  Do you understand what it says that

    13  you did?

    14            MR. ISOM:  Yes, sir.

09:02 15            THE COURT:  I could have it read out loud if you

    16  wish, but seeing as you understand what you are charged

    17  with in Count 3, I will allow you to waive the reading.

    18  Do you wish to waive the reading?

    19            MR. ISOM:  Yes, sir.

    20            THE COURT:  Even though you have waived the

    21  reading of the indictment, I am required to go over the

    22  essential elements of this offense that the government

    23  would have to prove to a jury beyond a reasonable doubt

    24  before you could be found guilty.  I want you to pay close

    25  attention to these essential elements because after these

09:03 1     are read into the record I am going to ask you if you

2     admit to committing each of them.

3                    (Essential elements read)

4            THE COURT:  Mr. Isom, do you understand those

5     are the essential elements of Count 3 that the government

6     would have to prove to a jury beyond a reasonable doubt

7     before you could be found guilty of this offense?

8            MR. ISOM:  Yes, sir.

9            THE COURT:  Do you admit to committing each of

10    those?

11           MR. ISOM:  Yes, sir.

12           THE COURT:  You have Mr. Werbner appearing here

13    today as your attorney.

14           MR. HOGUE:  Mr. Hogue.

09:04 15          THE COURT:  I'm sorry.  Mr. Hogue.

16           Mr. Werbner was appointed on this case.

17           MR. HOGUE:  Yes, sir, I'm here on his behalf.

18           THE COURT:  Is that with your consent, sir?

19           MR. ISOM:  Yes, sir.

20           THE COURT:  Are you an associate in the firm?

21           MR. HOGUE:  Yes, sir.

22           THE COURT:  Now, we have Mr. Hogue appearing

23    here today, and I know that you have had discussions with

24    Mr. Werbner and Mr. Hogue about the Sentencing Guidelines

25    and so forth.  Have you also discussed with them the facts

09:04 1    and circumstances surrounding these charges?

2              MR. ISOM:  Yes, sir.

3              THE COURT:  Are you fully satisfied with the

4    advice and representation that they have afforded you?

5              MR. ISOM:  Yes, sir.

6              THE COURT:  Does the willingness of your client

7    to plead guilty result from plea negotiations with the

8    government that have resulted in a plea agreement?

9              MR. HOGUE:  Yes, your Honor.

10             THE COURT:  I do have a document entitled Plea

11   Agreement in front of me.  This document is six pages

12   long, and it has the signature of Mr. Isom and Mr. Werbner

13   on the last pages as well as the government

14   representatives.

09:05 15            Did you read this document before you signed it?

16             MR. ISOM:  Yes, sir.

17             THE COURT:  Are all the terms of your agreement

18   with the government contained in this document?

19             MR. ISOM:  Yes, sir.

20             THE COURT:  Did you voluntarily of your own free

21   will enter into this plea agreement?

22             MR. ISOM:  Yes, sir.

23             THE COURT:  Outside of this written plea

24   agreement, has anybody made any promise or assurance to

25   you of any kind in an effort to get you to plead guilty

09:05  1    here today?

       2              MR. ISOM:  No, sir.

       3              THE COURT:  Has anyone mentally or physically or

       4    in any other way attempted to force you to plead guilty?

       5              MR. ISOM:  No, sir.

       6              THE COURT:  Do you understand that if your plea

       7    is accepted by Judge Godbey you will be adjudged guilty of

       8    this offense and your punishment will be assessed

       9    somewhere in the range provided by statute?

       10             MR. ISOM:  Yes, sir.

       11             THE COURT:  I am going to summarize this plea

       12   agreement into the record, but it is the written document

       13   that controls.  So if I skip over something, you know that

       14   it's in here.  Page 1 talks about your rights and you

09:05  15   waive those rights and agree to plead guilty to Count 3 of

       16   the indictment.  The maximum punishment the Court can

       17   impose is a term of imprisonment not to exceed ten years

       18   or a fine not to exceed $250,000, a term of supervised

       19   release of not more than three years which may be

       20   mandatory under the law and will follow any term of

       21   imprisonment.  If you violate any term of supervised

       22   release, you could be imprisoned for the entire term of

       23   supervised release.  And restitution for all relevant

       24   conduct will be ordered.  You could also receive the costs

       25   of incarceration and supervision and forfeiture of any

09:06 1    property.

2                    Are you a citizen of the United States?

3                    MR. ISOM:  Yes, sir.

4                    THE COURT:  The offense to which you are

5    pleading guilty is a felony.  Conviction of a felony would

6    deprive you of valuable of rights of citizenship such as

7    the right to vote, hold public office, serve on a jury and

8    possess a firearm and other such rights.  That would be in

9    addition to the punishment I have just gone over.  Do you

10   understand that you are facing all of these penalties if

11   you plead guilty?

12                   MR. ISOM:  Yes, sir.

13                   THE COURT:  Do you understand that if your

14   sentence should be more severe than you anticipate, you

09:07 15   will still be bound by your plea of guilty and have no

16   right to withdraw the plea?

17                   MR. ISOM:  Yes, sir.

18                   THE COURT:  There is a recommendation under

19   11(c)(1)(b) that you be sentenced under the Guidelines,

20   and do you understand this is simply a recommendation and

21   not binding on the Judge?

22                   MR. ISOM:  Yes, sir.

23                   THE COURT:  And if Judge Godbey decides not to

24   follow this, you would have no right to withdraw your

25   plea?

09:07   1                   MR. ISOM:  Yes, sir.

        2                   THE COURT:  You will cooperate and the

        3       government will file a motion for downward departure.

        4       Whether or not the government does is entirely up to their

        5       discretion.   You have waived the right to challenge your

        6       sentence, but you have reserved the right to bring a

        7       direct appeal to a sentence that exceeds the statutory

        8       maximum, mathematical errors in sentencing, to challenge

        9       the voluntariness of this waiver and to bring a claim of

       10       ineffective assistance of counsel.

       11                   Do you understand that you have the right to

       12       challenge your sentence on appeal under those limited

       13       circumstances?

       14                   MR. ISOM:  Yes, sir.

09:08  15                   THE COURT:  Do you wish to waive those rights

       16       except under these limited circumstances?

       17                   MR. ISOM:  Yes, sir.

       18                   THE COURT:  I will order those be filed.

       19                   Do you need me to go over any of the aspects of

       20       this further?

       21                   MR. ISOM:  No, sir.

       22                   THE COURT:  How do you plead?  Guilty or not

       23       guilty.

       24                   MR. ISOM:  Guilty.

       25                   THE COURT:  This Court will recommend to Judge

09:08  1    Godbey that he accept the plea.  There is a factual basis

2    to support the plea.  I have a Factual Resume signed by

3    you and Ms. Miller and your attorney.  Are the facts as

4    stated true facts?

5              MR. ISOM:  Yes, sir.

6              THE COURT:  I have read the facts, and you have

7    told me that they are true.  I will allow you to waive the

8    reading.  Do you wish to waive the reading?

9              MR. ISOM:  Yes, sir.

10             THE COURT:  The Court being satisfied with the

11   responses given by Mr. Isom, the Court finds that the

12   defendant is fully capable and competent to enter an

13   informed plea and his plea of guilty to Count 3 of the

14   indictment is a knowing and voluntary plea containing each

09:09 15  of the essential elements charged in Count 3.  It is

16   recommended that Judge Godbey accept your plea, and if he

17   does, you will be adjudged guilty of this offense.  I have

18   entered my findings, and these are that Judge Godbey

19   accept your plea.  You have ten days from today's date to

20   file any objection to those findings.

21             What happens next is counsel is going to set up

22   an appointment with the Probation Office to set up an

23   interview for the presentence report.  You will be asked

24   to give information for that report, and your degree of

25   cooperation could be a factor in the severity of your

09:09  1    sentence.  Counsel is instructed to be armed with

       2    knowledge of USSG 3.1a at that process.  Sentencing is set

       3    for September 15, 2008 at 9:00 a.m. with the Presentence

       4    Report due date of August 4.  What's the government's

       5    position on bond in this matter?

       6            MR. BROWN:  To remain on the same conditions

       7    he's out on currently.

       8            THE COURT:  I do have a report from Pretrial

       9    Services that you have not abided by all the conditions of

      10    release and that the latter part of May and you missed a

      11    counseling session on June 3rd.  However, you did

      12    reschedule a new counseling session.  Make sure you don't

      13    violate any of those conditions because between now and

      14    your sentencing date, if you do violate those conditions I

09:10 15    can assure you will be getting jail time.  Do you

      16    understand?

      17            MR. ISOM:  Yes, sir.

      18            THE COURT:  Keep in mind these reports do come

      19    to the judges, and you will being proving to Judge Godbey

      20    after my admonishment to you and Pretrial's admonishment

      21    you can be trusted.  It has a huge impact on your

      22    sentence.  If you have any problems at all, you get in

      23    touch with your lawyer.

      24            Anything else?

      25            MR. BROWN:  No.

09:11  1          MR. HOGUE:  No, sir.

2          THE COURT:  Thank you, we stand adjourned.

3          Mr. Comer.

4          THE COURT:  Mr. Comer, do you understand that

5    you are being charged with commission of a felony offense?

6          MR. COMER:  Yes, sir.

7          THE COURT:  Under the United States Constitution

8    you may not be charged with a felony unless a grand jury

9    finds by return of indictment that there is probable cause

10   to believe that a crime was committed and that you

11   committed it.  However, you may waive your right to

12   indictment and consent to being charged by an information

13   by the United States Attorney.  The felony charges brought

14   against you have been filed by the filing of just such an

09:12 15   information.  If you do not waive indictment and the

16   government wishes to pursue its case against you, it must

17   present its case to the grand jury and request the grand

18   jury indict.  A grand jury is composed of at least sixteen

19   but not more than twenty-three persons, and at least

20   twelve grand jurors must find that there is proximate

21   cause to believe that you committed the crime with which

22   you are charged before the grand jury can indict.  So the

23   grand jury may or may not indict you.  But if you waive

24   the indictment, the case will proceed against you on the

25   information of the United States Attorney just as though

09:13 1    you had been indicted.

2          Have you discussed with the attorneys the matter

3    of waiving your right to indictment by the grand jury?

4          MR. COMER:  Yes, sir.

5          THE COURT:  Do you understand your right to

6    indictment by the grand jury?

7          MR. COMER:  Yes, sir.

8          THE COURT:  And have any promises or threats

9    been made to induce you to waive the indictment?

10         MR. COMER:  No, sir.

11         THE COURT:  Do you wish to waive the indictment

12   by the grand jury?

13         MR. COMER:  Yes, sir.

14         THE COURT:  I have a waiver filed on March 14.

09:13 15   Did you read that?

16         MR. COMER:  Yes, sir.

17         THE COURT:  The Court finds that Mr. Comer's

18   waiver of indictment is knowingly and voluntarily made.

19         Have you received a copy of this information?

20         MR. COMER:  Yes, sir.

21         THE COURT:  Do you understand what it charges

22   you with?

23         MR. COMER:  Yes, sir.

24         THE COURT:  Now, I could have it read out loud

25   if you wish, but seeing as you understand what you are

09:13 1    charged with, I will allow you to waive the reading.  I

2    know that it's Count 1 in the plea agreement, but on my

3    docket sheet, I thought it said Count 2.  Count 1 of the

4    indictment.

5              MR. YANOWITCH:  I believe so, your Honor.  Count

6    2 is a forfeiture count.

7              THE COURT:  Thank you.  Now, I could have this

8    read out loud, but seeing as you understand what you are

9    charged with, I will allow you to waive the reading.  Do

10    you wish to waive the reading?

11              MR. ISOM:  Yes, sir, I wish to waive.

12              THE COURT:  Even though you waive the reading of

13    the indictment, I am required to go over the essential

14    elements that the government would be required to prove to

09:14 15    a jury before you could be found guilty beyond a

16    reasonable doubt.  I want you to pay close attention to

17    these essential elements because after these are read, I

18    will ask you if you admit to committing each of them.

19              (Essential elements read)

20              THE COURT:  Mr. Comer, do you understand that

21    those are the essential elements of this offense that the

22    government would have to prove to a jury beyond a

23    reasonable doubt before you could be found guilty?

24              MR. COMER:  Yes, sir.

25              THE COURT:  And do you admit to committing each

09:15  1    of those?

       2                MR. COMER:  Yes, sir.

       3                THE COURT:  Now, Mr. Mendrygal and Mr. Majeta

       4    are representing you in this matter, and I know that they

       5    have discussed the Sentencing Guidelines with you.  Have

       6    you also discussed the facts and circumstances surrounding

       7    these charges with your attorneys?

       8                MR. COMER:  Yes, sir.

       9                THE COURT:  Are you fully satisfied with the

      10    advice and representation that they have given to you?

      11                MR. COMER:  Yes, sir.

      12                THE COURT:  Counsel, does the willingness of

      13    your client to plead guilty result from plea negotiations

      14    with the government that have resulted in a plea

09:15 15    agreement?

      16                MR. MAJETA:  Yes, your Honor.

      17                THE COURT:  I do have a plea agreement.  This

      18    document is seven pages long and has the signature of Mr.

      19    Majeta and Mr. Comer and Mr. Mendrygal on the last page.

      20    Did you read this document before you signed it?

      21                MR. COMER:  Yes, sir.

      22                THE COURT:  Are all the terms of your agreement

      23    with the government contained in this document?

      24                MR. COMER:  Yes, sir.

      25                THE COURT:  Are you asking that Judge Godbey

09:16  1    accept this plea agreement?

2                MR. COMER:  Yes, sir.

3                THE COURT:  Did you voluntarily and of your own

4    free will enter into this plea agreement?

5                MR. COMER:  Yes, sir.

6                THE COURT:  Has anyone made any promise or

7    assurances to you of any kind to get you to plead guilty?

8                MR. COMER:  No, sir.

9                THE COURT:  Has anyone mentally or physically or

10   in any other way attempted to force you to plead guilty?

11               MR. COMER:  No, sir.

12               THE COURT:  And you understand your punishment

13   will be assessed somewhere in the range of punishment

14   provided by statute?

09:16 15               MR. COMER:  Yes, sir.

16               THE COURT:  I am going to summarize this plea

17   agreement into the record, but it is the written document

18   that controls.  So if I skip over something, you know it's

19   in here.  Page 2 talks about your rights that we went over

20   this morning, and you waive those rights and plead guilty

21   to Count 1 of the information.

22               The maximum punishment the Court will impose is

23   as follows:  A term of imprisonment of not more than five

24   years or loss to any victim, a term of supervised release

25   of not more than three years which would be mandatory

09:17  1    under the law and would follow any term of imprisonment.

2    If you violated any of those conditions of supervised

3    release you could be imprisoned for a period of not more

4    than two years at one time.  A mandatory special

5    assessment will be imposed of one hundred dollars, and

6    restitution will be ordered for all relevant conduct, not

7    just Count 1 this information.  You could be required to

8    pay the costs of incarceration and supervision.  You have

9    an agreed disposition of this under 11(e)(1)(C); that is,

10   you and the government have agreed that the proper

11   punishment in this case would be a term of imprisonment of

12   eighteen months followed by a term of supervised release

13   of three years, six months of which would be on home

14   confinement.  And restitution would be an appropriate

09:18 15   deposition.

16       Now, if Judge Godbey rejects this plea, you will

17   be allowed to withdraw your plea of guilty.  Do you

18   understand that as well?

19       MR. COMER:  Yes, sir.

20       THE COURT:  A mandatory special assessment of

21   one hundred dollars will be paid.  You will cooperate by

22   giving complete and truthful information.  Whether or not

23   the government files a motion for a downward departure

24   will be fully and entirely up to them as it is whether or

25   not to grant it by Judge Godbey.  If you violate this

09:18   1    agreement, you have no agreement with the government.

        2    They are free to prosecute you fully.  You have waived

        3    your right to appeal or otherwise challenge your sentence

        4    under habeas corpus provisions.  But you have reserved the

        5    right to appeal a sentence that results from exceeding the

        6    statutory maximum, mathematical errors, to challenge the

        7    voluntariness of this plea and ineffective assistance of

        8    counsel.

        9            Do you understand that you have waived those

        10   rights?

        11           MR. COMER:  Yes, sir.

        12           THE COURT:  And Paragraph 1, you agreed to

        13   voluntarily forfeit all of the property in Count 2 of the

        14   information.

09:19   15           I order the plea agreement to be filed in this

        16   matter.  Now, are you a citizen of United States?

        17           MR. COMER:  Yes, sir.

        18           THE COURT:  The event to which you are pleading

        19   guilty is a felony, as I have said.  A conviction of a

        20   felony would deprive you of valuable rights of citizenship

        21   such as the right to vote, serve on a jury, possess

        22   firearms and other such valuable rights.  That would be in

        23   addition to the rights I have just gone over.

        24           Do you understand that you are facing all of

        25   these penalties if you plead guilty?

09:19 1           MR. COMER:  Yes, sir.

2           THE COURT:  How do you plead to Count 1 of the

3  indictment?  Guilty or not guilty.

4           MR. COMER:  Guilty.

5           THE COURT:  And how do you plea -- I'm sorry.

6  Of the information.  How do you plead to Count 2 of the

7  information?  True or not true.

8           MR. COMER:  True.

9           THE COURT:  This Court will then recommend to

10  Judge Godbey that he accept your pleas of guilty and true

11  on the condition that there is a factual basis to support

12  these pleas.  I have a Factual Resume in front of me

13  that's four pages long.  It has your signature on the

14  fourth page as well as your attorneys'.  Did you read this

09:20 15  before you signed it?

16           MR. COMER:  Yes, sir.

17           THE COURT:  Are these facts true facts?

18           MR. COMER:  Yes, sir.

19           THE COURT:  Counsel, are they consistent with

20  the true facts that your investigation has shown?

21           MR. MAJETA:  Yes, Judge, they are.

22           THE COURT:  I have reviewed this, and you have

23  told me these are true.  So I will allow you to waive the

24  reading.  Do you wish to waive the reading?

25           MR. COMER:  Yes, sir.

09:20  1          THE COURT:  Court being satisfied with the

       2    responses given in the case of United States of America

       3    versus Michael Comer, 3:08-CR-085-N, the Court finds that

       4    Mr. Comer is fully competent and capable of entering an

       5    informed plea of guilty to Count 1 of the information and

       6    true to Count 2 of the information, that they are knowing

       7    and voluntary pleas supported by facts contained in the

       8    special elements as charged.  It is recommended to Judge

       9    Godbey that he accept your plea, and if he does, you will

      10    be adjudged guilty of these offenses.  I have entered my

      11    findings, and these findings are basically that Judge

      12    Godbey accept your plea of guilty and true.  You have ten

      13    days from today's date to object to those findings.

      14          Now, what happens next is counsel is going to

09:21 15    set up an appointment with probation to start the

      16    interview process for this presentence report, and you

      17    will be asked to give information for this report, and

      18    your degree of cooperation would be a factor in the

      19    severity of your sentence.  Counsel will be with you and

      20    make sure that everything runs smoothly for you.

      21    Sentencing is September 15, 2008, and a presentence report

      22    is due date at August 4th.  The sentencing is at 9:40.

      23          Now, this is also Mr. Comer's initial

      24    appearance.  Is that correct?

      25          MR. MAJETA:  That's correct.

09:22  1           THE COURT:  What's the government's position on

       2   bond?

       3           MR. YANOWITCH:  The government's position is Mr.

       4   Comer be released on his personal recognizance subject to

       5   the normal terms and conditions.

       6           THE COURT:  I am going to order you released

       7   subject to the conditions of pretrial release.  I am going

       8   to order pretrial supervision.  Do you have a passport?

       9           MR. COMER:  No, sir, I do not.

      10           THE COURT:  You are not to leave the United

      11   States.

      12           MR. COMER:  Yes, sir.

      13           THE COURT:  I am going to hand down these

      14   conditions of release.  If you agree to abide by them, go

09:22 15   ahead and signed them.  I will inform you if you fail to

      16   appear at any court appearance you will be looking at an

      17   additional ten years imprisonment.  Any time you receive

      18   will run consecutively; that is, in addition to any time

      19   you get on this underlying offense.  Even if you get this

      20   downward departure and probation is a consideration, you

      21   could still go to jail.  Do you understand that?

      22           MR. COMER:  Yes, sir.

      23           THE COURT:  Mr. Comer, I am ordering you

      24   released after processing with the Marshal.  You have to

      25   go upstairs and give your fingerprints and picture and so

09:25   1   forth.  You have to meet with Pretrial Services today.

2   Any questions?

3             MR. COMER:  No, sir.

4             THE COURT:  What else?

5             MR. YANOWITCH:  Nothing from the government.

6             MR. MAJETA:  Thank you, Judge.

7             THE COURT:  You may be excused.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3         I, Cassidi L. Casey, certify that during the

4    proceedings of the foregoing-styled and -numbered cause, I

5    was the official reporter and took in stenotypy such

6    proceedings and have transcribed the same as shown by the

7    above and foregoing Pages 1 through 50 and that said

8    transcript is true and correct.

9

10        I further certify that the transcript fees and format

11   comply with those prescribed by the court and the Judicial

12   Conference of the United States.

13

14

15                         s/Cassidi L. Casey

16                         _____
                           CASSIDI L. CASEY
                           UNITED STATES DISTRICT REPORTER
17                         NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION
18                         CSR NUMBER 1703

19

20

21

22

23

24

25

**< Dates >**
**August 4** 39:4
**August 4th** 48:22
**July 29** 26:11, 31:23
**June 10, 2008** 1:17
**June 3rd** 39:11
**March 14** 41:14
**September 10, 9:30** 31:22
**September 15, 2008** 39:3,
48:21
**September 2nd, 2008** 26:9
**$250,000** 29:7, 35:18
**-numbered** 51:4


**< 0 >**
**07-331-G** 3:4
**07-CR-331-G** 1:13, 25:11
**08-CR-072** 9:14
**08-CR-072-N** 1:15
**08-CR-085-N** 1:12, 48:3
**08-CR-102-K** 1:14, 31:3
**08-CR-85** 7:19


**< 1 >**
**1** 17:19, 19:10, 19:16, 21:20,
21:21, 21:25, 24:10, 25:13,
25:16, 26:17, 27:18, 29:2,
30:2, 35:14, 42:2, 42:3,
44:21, 45:7, 46:12, 47:2,
48:5, 51:7
**1.48** 23:11
**11(c)(1)(b** 36:19
**11(e)(1)(c** 45:9
**1100** 1:31, 2:32
**1201** 2:17
**15D6L** 2:32
**1703** 51:21
**1717** 1:42
**1974.** 8:17
**1975.** 10:8
**1979.** 4:8
**1983.** 6:21
**1984** 16:8
**1:45** 26:10


**< 2 >**
**2** 21:22, 24:13, 25:14, 42:6,

44:19, 46:13, 47:6, 48:6
**2.** 25:16, 42:3
**2007** 23:12
**214-354-3139** 2:34
**214-659-8600** 1:33
**214-767-2647** 2:29
**214/537-1475** 2:7
**214/739-1419** 2:8
**214/747-2091** 1:45
**214/747-5070** 1:44
**214/939-8700** 2:19
**214/939-8787** 2:20


**< 3 >**
**3** 1:12, 1:13, 1:14, 1:15, 3:4,
7:19, 9:14, 25:11, 31:3, 32:4,
32:17, 33:5, 35:15, 38:13,
48:3
**3.** 38:15
**3.1a** 39:2
**330** 2:5


**< 4 >**
**4** 23:5
**4400** 2:16


**< 5 >**
**5** 23:6, 30:14
**50** 51:7
**5000** 1:42
**525** 2:27
**5646** 2:5


**< 6 >**
**629** 2:27


**< 7 >**
**7** 23:8
**75201** 1:43
**75202** 2:28
**75206** 2:6
**75242** 1:32, 2:33
**75270** 2:18

**< 9 >**
**9:00** 39:3
**9:40.** 48:22


**< A >**
**a.m.** 31:22, 39:3
**abide** 49:14
**abided** 39:9
**ability** 22:19, 29:15
**able** 16:21
**abolished** 17:3
**above** 51:7
**accept** 11:12, 20:23, 24:17,
25:17, 25:21, 30:6, 31:8,
31:12, 38:1, 38:16, 38:19,
44:1, 47:10, 48:9, 48:12
**accepted** 14:9, 21:11, 28:23,
35:7
**account** 16:16
**Act** 16:7, 22:11
**actual** 22:25
**actually** 14:15
**addition** 22:20, 23:10, 36:9,
46:23, 49:18
**additional** 23:14, 49:17
**adjourned** 40:2
**adjudged** 21:11, 25:19,
28:24, 31:9, 35:7, 38:17,
48:10
**admit** 19:12, 19:20, 27:13,
27:22, 33:2, 33:9, 42:18,
42:25
**admonishment** 39:20
**adversely** 22:19, 29:15
**advice** 20:5, 28:7, 34:4,
43:10
**advisory** 16:10
**affect** 22:19, 29:15
**afford** 13:15
**afforded** 34:4
**agree** 35:15, 49:14
**agreed** 45:9, 45:10, 46:12
**Agreement** 20:11, 20:14,
20:20, 20:23, 20:25, 21:4,
21:16, 21:18, 23:16, 24:5,
28:13, 34:8, 34:11, 34:17,
34:21, 34:24, 35:12, 42:2,
43:15, 43:17, 43:22, 44:1,
44:4, 44:17, 46:1, 46:15

**agrees** 23:13
**Aguirre** 3:3
**ahead** 49:15
**alcohol** 4:18, 7:4, 8:25, 10:20
**allegation** 24:14
**allow** 18:8, 25:6, 27:4, 30:22, 32:17, 38:7, 42:1, 42:9, 47:23
**allowed** 45:17
**alone** 13:18
**already** 26:6, 31:19
**America** 1:7, 3:3, 7:19, 25:11, 31:2, 48:2
**ammunition** 23:12
**answer** 3:20, 6:3, 8:7, 9:23
**anticipate** 23:1, 36:14
**Antonio** 3:3, 3:18
**anybody** 21:4, 28:15, 34:24
**appeal** 13:23, 17:2, 23:17, 23:19, 23:25, 37:7, 37:12, 46:3, 46:5
**appear** 49:16
**appearance** 48:24, 49:16
**appearing** 19:23, 27:25, 33:12, 33:22
**applicable** 16:11
**apply** 15:21, 16:6
**appoint** 13:14
**appointed** 33:16
**appointment** 25:25, 31:15, 38:22, 48:15
**appropriate** 25:4, 30:20, 45:14
**armed** 39:1
**aspect** 24:7, 29:23
**aspects** 37:19
**assessed** 28:25, 35:8, 44:13
**assessment** 22:10, 23:7, 29:13, 45:5, 45:20
**assigned** 11:8
**assistance** 13:12, 23:23, 37:10, 46:7
**assisted** 21:12
**associate** 33:20
**associated** 14:12
**assurance** 21:4, 28:16, 34:24
**assurances** 44:7
**assure** 39:15
**attempted** 21:8, 28:20, 35:4,

44:10
**attendance** 13:11
**attention** 13:2, 19:9, 27:11, 32:25, 42:16
**Attorney** 13:12, 13:14, 13:15, 14:21, 14:23, 16:15, 16:23, 19:24, 25:2, 28:1, 33:13, 38:3, 40:13, 40:25
**ATTORNEY'S** 1:30
**attorneys** 15:21, 41:2, 43:7, 47:14

**< B >**
**B.** 1:39
**based** 15:1
**basically** 25:20, 31:11, 48:11
**basis** 24:18, 30:7, 31:6, 38:1, 47:11
**bears** 24:21
**become** 22:19, 29:16
**begin** 31:16
**behalf** 7:22, 33:17
**believe** 5:1, 5:5, 7:9, 7:13, 9:5, 9:9, 10:25, 11:3, 40:10, 40:21, 42:5
**better** 18:24
**beyond** 13:21, 19:8, 19:17, 27:10, 27:19, 32:23, 33:6, 42:15, 42:22
**Bill** 7:22
**binding** 36:21
**bond** 39:5, 49:2
**born** 4:7, 6:20, 8:16, 10:7
**boshea@sbcglobal.net** 2:9
**bound** 16:14, 23:2, 36:15
**Brian** 2:3, 2:4, 3:7
**bring** 23:13, 23:19, 23:22, 37:6, 37:9
**brought** 40:13
**BROWN** 1:29, 5:11, 9:15, 32:1, 39:6, 39:25

**< C >**
**call** 5:9, 7:18, 9:13
**capable** 25:13, 31:4, 38:12, 48:4
**care** 4:10, 6:23, 8:19, 10:10
**Case** 3:4, 5:9, 7:18, 7:19,

9:13, 11:8, 12:24, 14:20, 15:5, 15:22, 16:6, 16:9, 16:22, 17:17, 25:10, 25:11, 31:2, 33:16, 40:16, 40:17, 40:24, 45:11, 48:2
**cases** 11:14
**CASEY** 2:31, 51:3, 51:15, 51:17
**CASSIDI** 2:31, 51:3, 51:17
**cause** 40:9, 40:21, 51:4
**certify** 51:3, 51:10
**challenge** 16:24, 23:17, 23:21, 23:25, 37:5, 37:8, 37:12, 46:3, 46:6
**charge** 13:3
**charged** 3:21, 6:4, 8:8, 9:24, 18:7, 19:2, 25:15, 27:4, 31:7, 32:16, 38:15, 40:5, 40:8, 40:12, 40:22, 42:1, 42:9, 48:8
**charges** 18:2, 20:2, 23:14, 23:15, 28:4, 34:1, 40:13, 41:21, 43:7
**Charles** 1:29, 5:11, 9:15
**choose** 13:2
**Chris** 2:14, 9:16
**circumstances** 17:1, 20:2, 24:3, 28:3, 34:1, 37:13, 37:16, 43:6
**citizen** 22:14, 22:20, 29:16, 36:2, 46:16
**citizenship** 36:6, 46:20
**claim** 23:22, 37:9
**client** 20:9, 28:11, 34:6, 43:13
**close** 13:1, 19:9, 27:11, 32:24, 42:16
**coercion** 15:8
**comfortable** 6:15
**Commerce** 1:31, 2:32
**Commission** 16:8, 40:5
**committed** 40:10, 40:11, 40:21
**committing** 19:12, 19:20, 27:13, 27:22, 33:2, 33:9, 42:18, 42:25
**compel** 13:10
**compelled** 13:16
**competent** 5:2, 7:10, 9:6, 11:1, 25:12, 31:4, 38:12, 48:4
**complete** 45:22

comply 51:11
composed 40:18
condition 24:18, 30:7, 47:11
conditions 22:7, 29:10, 39:6, 39:9, 39:13, 39:14, 45:2, 49:5, 49:7, 49:14
conduct 22:12, 35:24, 45:6
Conference 51:12
confinement 45:14
confront 13:7
connected 15:3
consecutively 49:18
consent 11:9, 11:15, 11:22, 12:13, 12:21, 12:25, 33:18, 40:12
consider 16:11
consideration 49:20
consistent 30:16, 47:19
Constitution 13:4, 40:7
Constitutional 12:25, 13:25
contained 21:1, 34:18, 43:23, 48:7
containing 25:15, 31:6, 38:14
continue 17:16
control 13:19
controls 35:13, 44:18
convicted 14:23
Conviction 13:23, 14:17, 36:5, 46:19
cooperate 37:2, 45:21
cooperation 26:4, 31:18, 38:25, 48:18
copy 17:23, 26:20, 32:7, 41:19
corpus 23:18, 46:4
correct 17:20, 17:21, 20:12, 26:17, 26:18, 32:5, 48:24, 48:25, 51:8
costs 22:12, 35:24, 45:8
Counsel 9:5, 10:25, 11:19, 12:2, 23:23, 37:10, 38:21, 39:1, 43:12, 46:8, 47:19, 48:14, 48:19
counseling 39:11, 39:12
Count 17:19, 18:21, 18:25, 19:10, 19:16, 21:21, 21:22, 21:25, 24:10, 24:13, 25:13, 25:14, 26:17, 27:17, 29:2, 30:2, 32:4, 32:17, 33:5,

35:15, 38:13, 38:15, 42:2, 42:3, 42:5, 42:6, 44:21, 45:7, 46:13, 47:2, 47:6, 48:5, 48:6
Counts 25:16
crime 14:15, 40:10, 40:21
criminal 16:9
cross 13:8
CSR 51:21
currency 23:11
currently 39:7


< D >
DALLAS 1:3, 1:32, 1:43, 2:6, 2:18, 2:28, 2:33, 51:20
date 25:22, 26:10, 38:19, 39:4, 39:14, 48:13, 48:22
days 11:13, 25:22, 31:12, 38:19, 48:13
decide 13:17, 15:6
decided 15:1
decides 36:23
Defendant 1:37, 2:1, 2:11, 2:23, 3:8, 5:14, 14:14, 18:17, 29:8, 38:12
Defendants 1:17
DEFENDER 2:26
defense 7:23, 13:13
degree 26:4, 31:18, 38:24, 48:18
depart 16:12
departure 37:3, 45:23, 49:20
depend 15:2
deportation 22:18, 29:14
deposition 45:15
deprive 36:6, 46:20
described 14:13
determine 16:21
determined 16:10
determines 14:16
direct 23:19, 37:7
disability 4:21, 7:1, 10:17
discretion 37:5
discussed 15:20, 16:5, 19:25, 20:1, 28:2, 28:3, 33:25, 41:2, 43:5, 43:6
discussions 33:23
dismiss 23:14
disposition 45:9
disregard 16:17

DISTRICT 1:1, 1:2, 11:8, 11:11, 13:6, 14:9, 14:25, 51:18, 51:19
DIVISION 1:3, 51:20
docket 42:3
document 20:13, 20:14, 21:1, 21:19, 34:10, 34:11, 34:15, 34:18, 35:12, 43:18, 43:20, 43:23, 44:17
doing 4:24, 7:7, 9:3, 10:23
dollars 22:3, 22:10, 23:7, 23:11, 29:13, 45:5, 45:21
doubt 13:21, 19:8, 19:17, 27:10, 27:19, 32:23, 33:6, 42:16, 42:23
down 49:13
downward 37:3, 45:23, 49:20
drug 4:18, 7:4, 8:25, 10:20
due 26:10, 31:23, 39:4, 48:22
during 26:7, 51:3


< E >
Eduardo 1:14, 5:18, 6:1
effort 21:5, 28:17, 34:25
eighteen 45:12
Eighty 6:14
elements 19:7, 19:10, 19:13, 19:15, 25:15, 27:9, 27:12, 27:15, 27:17, 31:6, 32:22, 32:25, 33:3, 33:5, 38:15, 42:14, 42:17, 42:19, 42:21, 48:8
Elm 2:17
Email 1:34, 1:46, 2:9, 2:21
emotional 4:21, 7:1, 8:22, 10:16
encompasses 23:11
enforcement 15:4
English 3:25, 6:8, 6:13, 8:12, 10:3
enter 5:2, 7:10, 9:6, 11:1, 11:7, 20:20, 34:21, 38:12, 44:4
entered 21:17, 25:19, 31:10, 38:18, 48:10
entering 25:13, 31:4, 48:4
entire 22:8, 29:11, 35:22

**entirely** 23:6, 29:21, 37:4, 45:24
**entitled** 20:13, 34:10
**errors** 23:21, 37:8, 46:6
**Essential** 19:6, 19:10, 19:13, 19:15, 25:15, 27:9, 27:11, 27:15, 27:17, 31:6, 32:22, 32:25, 33:3, 33:5, 38:15, 42:13, 42:17, 42:19, 42:21
**event** 16:20, 46:18
**everything** 26:8, 31:21, 48:20
**evidence** 13:10
**examination** 4:13
**examine** 13:8
**exceed** 22:2, 22:3, 29:4, 29:7, 35:17, 35:18
**exceeding** 46:5
**exceeds** 23:20, 37:7
**except** 14:20, 24:3, 37:16
**exception** 17:16
**excused** 32:2, 50:7
**explanations** 13:25, 15:11, 17:6

**< F >**
**facing** 22:22, 29:3, 29:18, 36:10, 46:24
**fact** 31:6
**factor** 26:4, 31:18, 38:25, 48:18
**facts** 14:20, 15:1, 16:14, 16:17, 16:18, 16:24, 20:1, 24:24, 25:6, 28:3, 30:13, 30:14, 30:17, 33:25, 38:3, 38:4, 38:6, 43:6, 47:17, 47:20, 48:7
**Factual** 24:18, 24:20, 24:23, 24:24, 30:7, 30:8, 30:24, 38:1, 38:2, 47:11, 47:12
**fail** 49:15
**false** 3:21, 6:4, 8:8, 9:24
**falsely** 3:20, 6:3, 8:7, 9:23
**favor** 13:11
**FAX** 1:45, 2:8, 2:20
**FEDERAL** 2:26, 14:15
**fees** 51:10
**felony** 36:5, 40:5, 40:8, 40:13, 46:19, 46:20

**file** 11:13, 25:22, 31:12, 37:3, 38:20
**filed** 24:5, 37:18, 40:14, 41:14, 46:15
**files** 45:23
**filing** 12:24, 40:14
**find** 40:20
**findings** 11:13, 25:20, 25:23, 31:10, 38:18, 38:20, 48:11, 48:13
**finds** 25:12, 31:3, 38:11, 40:9, 41:17, 48:3
**fine** 22:2, 29:6, 35:18
**fingerprints** 49:25
**firearm** 36:8
**firearms** 23:12, 46:22
**firm** 33:20
**Fish** 1:41, 20:22, 21:11, 21:12, 23:6, 24:17, 25:17, 25:21
**five** 22:5, 24:21, 29:6, 44:23
**follow** 16:9, 22:6, 35:20, 36:24, 45:1
**followed** 45:12
**following** 13:5, 23:8
**follows** 22:1, 29:3, 44:23
**force** 21:8, 28:20, 35:4, 44:10
**foregoing** 24:9, 30:1, 51:7
**foregoing-styled** 51:4
**forfeit** 22:13, 23:7, 46:13
**Forfeiture** 18:21, 18:25, 21:23, 24:14, 35:25, 42:6
**form** 11:15
**format** 51:10
**forms** 12:25
**forth** 33:25, 50:1
**found** 13:22, 19:9, 19:18, 27:20, 32:24, 33:7, 42:15, 42:23
**four** 22:3, 30:9, 47:13
**fourth** 47:14
**Franklin** 1:15, 2:11, 9:14, 9:21
**free** 20:20, 34:20, 44:4, 46:2
**front** 20:14, 24:20, 30:8, 34:11, 47:12
**full** 3:16, 5:24, 8:3, 9:19
**fully** 5:2, 7:10, 9:6, 11:1, 20:4, 28:6, 31:4, 34:3, 38:12,

43:9, 45:24, 46:2, 48:4

**< G >**
**gain** 22:3, 29:7
**Generally** 14:14
**getting** 39:15
**give** 26:2, 31:17, 38:24, 48:17, 49:25
**given** 14:24, 20:5, 25:10, 28:7, 31:2, 38:11, 43:10, 48:2
**giving** 45:22
**Godbey** 35:7, 36:23, 38:1, 38:16, 38:18, 39:19, 43:25, 45:16, 45:25, 47:10, 48:9, 48:12
**Government** 1:27, 5:11, 7:21, 9:15, 14:22, 15:4, 16:16, 16:24, 17:2, 19:7, 19:16, 20:10, 21:1, 23:13, 23:16, 24:23, 26:11, 27:9, 27:18, 28:12, 32:22, 33:5, 34:8, 34:13, 34:18, 37:3, 37:4, 39:4, 40:16, 42:14, 42:22, 43:14, 43:23, 45:10, 45:23, 46:1, 49:1, 49:3, 50:5
**grand** 40:8, 40:17, 40:18, 40:20, 40:22, 40:23, 41:3, 41:6, 41:12
**grant** 45:25
**Griffin** 2:27
**guarantees** 13:4
**Guidelines** 15:21, 16:6, 16:9, 16:10, 16:12, 16:13, 16:22, 19:25, 28:2, 33:24, 36:19, 43:5
**guilt** 13:21

**< H >**
**habeas** 23:18, 46:4
**hand** 3:13, 5:20, 7:25, 14:8, 16:15, 49:13
**happens** 25:24, 31:14, 38:21, 48:14
**HARPER** 2:25, 5:12, 5:16, 7:9, 7:12, 7:16, 26:15, 26:18, 27:25, 28:3, 28:10, 28:14, 30:10, 30:18, 30:19, 31:14, 31:19, 31:25

**hear** 13:8
**heard** 15:2, 24:9, 30:1
**HOGUE** 2:14, 9:16, 32:6,
33:14, 33:15, 33:17, 33:21,
33:22, 33:24, 34:9, 40:1
**hold** 36:7
**home** 45:13
**Honor** 3:10, 5:4, 5:7, 5:16,
7:2, 7:12, 7:16, 7:21, 7:23,
9:8, 9:11, 17:21, 18:13,
20:12, 26:12, 26:14, 26:18,
28:14, 30:19, 30:25, 32:6,
34:9, 42:5, 43:16
**Honorable** 1:23
**huge** 39:21
**hundred** 22:10, 23:7, 29:13,
45:5, 45:21

**< I >**
**impact** 39:21
**important** 13:1
**impose** 21:24, 35:17, 44:22
**imposed** 29:5, 29:9, 45:5
**imprisoned** 22:8, 29:11,
35:22, 45:3
**imprisonment** 22:1, 22:6,
29:4, 35:17, 35:21, 44:23,
45:1, 45:11, 49:17
**incarceration** 22:13, 35:25,
45:8
**includes** 22:1
**including** 13:10
**independent** 31:5
**indict** 40:18, 40:22, 40:23
**indicted** 41:1
**Indictment** 17:20, 17:23,
18:19, 19:3, 19:10, 19:16,
21:22, 21:25, 23:10, 24:10,
26:17, 26:20, 27:8, 27:18,
29:3, 30:2, 32:4, 32:8, 32:21,
35:16, 38:14, 40:9, 40:12,
40:15, 40:24, 41:3, 41:6,
41:9, 41:11, 41:18, 42:4,
42:13, 47:3
**induce** 41:9
**induced** 15:7
**ineffective** 23:22, 37:10,
46:7
**influence** 4:17, 7:3, 8:24,

10:19
**inform** 11:6, 16:7, 49:15
**information** 26:1, 26:2,
31:17, 38:24, 40:12, 40:15,
40:25, 41:19, 44:21, 45:7,
45:22, 46:14, 47:6, 47:7,
48:5, 48:6, 48:17
**informed** 25:13, 31:5, 38:13,
48:5
**initial** 48:23
**instructed** 39:1
**interest** 23:8
**interpreter** 3:9, 5:15, 6:16,
6:17
**interview** 26:3, 26:8, 38:23,
48:16
**investigation** 30:17, 47:20
**issue** 31:24
**issued** 16:9

**< J >**
**jail** 39:15, 49:21
**John** 1:15, 2:11, 9:13, 9:21
**Jose** 1:13, 3:18
**Judge** 1:23, 11:8, 11:10,
11:11, 14:9, 14:16, 14:25,
16:13, 20:22, 21:11, 21:12,
23:6, 24:17, 25:17, 25:21,
28:23, 29:21, 30:6, 31:7,
31:11, 35:7, 36:21, 36:23,
37:25, 38:16, 38:18, 39:19,
43:25, 45:16, 45:25, 47:10,
47:21, 48:8, 48:11, 50:6
**judges** 39:19
**judgment** 13:18
**Judicial** 51:11
**Junior** 9:21
**jurors** 40:20
**jury** 13:6, 14:18, 19:8, 19:17,
27:10, 27:19, 32:23, 33:6,
36:7, 40:8, 40:17, 40:18,
40:22, 40:23, 41:3, 41:6,
41:12, 42:15, 42:22, 46:21

**< K >**
**Keep** 39:18
**Keith** 1:28, 3:5
**kind** 14:10, 15:8, 21:5,

28:16, 34:25, 44:7
**Kinkeade** 28:23, 29:21, 30:6,
31:8, 31:11
**KIPRIAN** 1:40
**knowing** 5:6, 7:14, 9:10,
11:4, 25:14, 38:14, 48:6
**knowingly** 41:18
**knowledge** 39:2

**< L >**
**L.** 2:31, 51:3, 51:15, 51:17
**language** 3:25, 4:3, 6:8,
6:11, 8:12, 10:3
**last** 4:9, 6:22, 8:18, 10:9,
20:16, 24:22, 30:9, 34:13,
43:19
**later** 3:21, 6:4, 8:8, 9:24
**latter** 39:10
**Laura** 2:25, 5:12
**Law** 2:4, 15:3, 22:6, 35:20,
45:1
**lawyer** 39:23
**least** 40:18, 40:19
**leave** 49:10
**Lee** 8:5
**leniency** 14:25
**less** 22:2, 22:5, 29:6
**life** 22:2
**limited** 24:3, 37:12, 37:16
**listed** 23:9
**lists** 23:9
**long** 16:13, 20:15, 24:21,
30:9, 34:12, 43:18, 47:13
**looking** 49:16
**Lopez** 3:3, 11:17
**loss** 22:4, 29:8, 44:24
**loud** 18:6, 27:2, 32:15,
41:24, 42:8

**< M >**
**Magistrate** 1:23, 11:10
**Main** 1:42
**MAJETA** 43:3, 43:16, 43:19,
47:21, 48:25, 50:6
**Mandatory** 22:5, 22:9, 22:11,
29:12, 35:20, 44:25, 45:4,
45:20
**MARK** 2:13

**Marshal** 49:24
**MATEJA** 1:39, 7:22, 9:8, 9:11, 11:2, 11:5
**mateja@fr.com** 1:46
**mathematical** 23:20, 37:8, 46:6
**matter** 3:2, 13:18, 20:6, 24:6, 26:9, 28:8, 39:5, 41:2, 43:4, 46:16
**matters** 26:11
**maximum** 21:24, 22:21, 23:20, 35:16, 37:8, 44:22, 46:6
**medication** 4:15, 10:14
**meet** 50:1
**Mendrygal** 1:40, 43:3, 43:19
**mental** 4:20, 6:25, 8:21, 10:17
**mentally** 21:7, 28:19, 35:3, 44:9
**Michael** 1:12, 7:19, 8:5, 48:3
**Miller** 38:3
**million** 22:3, 23:11
**Milton** 2:5
**mind** 4:23, 7:6, 9:2, 10:22, 39:18
**missed** 39:10
**months** 4:9, 6:22, 8:18, 10:9, 45:12, 45:13
**morning** 44:20
**motion** 37:3, 45:23
**MR. ROBINSON** 18:18, 18:20, 18:23, 26:12
**Ms** 5:12, 5:16, 7:9, 7:12, 7:16, 26:15, 26:18, 27:25, 28:3, 28:10, 28:14, 30:10, 30:18, 30:19, 31:14, 31:19, 31:25, 38:3
**mwerbner@swtriallaw.com** 2:21


**< N >**
**name** 3:16, 5:24, 8:4, 9:19
**necessary** 13:14
**need** 3:8, 5:14, 24:6, 29:23, 37:19
**negotiations** 20:9, 28:11, 34:7, 43:13
**new** 39:12

**next** 5:9, 7:18, 9:13, 25:24, 31:14, 38:21, 48:14
**nine** 20:14
**No.** 4:1, 4:16, 4:19, 4:22, 10:21, 18:1, 21:6, 22:16, 24:8, 39:25
**normal** 49:5
**NORTHERN** 1:2, 51:19
**Nothing** 26:12, 26:14, 50:5
**NUMBER** 1:12, 1:13, 1:14, 1:15, 3:4, 7:19, 9:14, 25:11, 51:21
**numerous** 23:12


**< O >**
**O'SHEA** 2:3, 2:4, 3:7, 3:10, 5:1, 5:4, 5:7, 17:18, 17:21, 18:13, 19:23, 19:25, 20:8, 20:12, 24:22, 25:24, 26:6, 26:13, 26:14
**oath** 3:13, 3:20, 5:21, 6:3, 8:7, 9:23
**object** 48:13
**objection** 11:13, 25:22, 38:20
**objections** 31:13
**October** 23:12
**offense** 19:7, 22:17, 25:19, 27:9, 28:24, 29:13, 31:7, 31:9, 32:22, 33:7, 35:8, 36:4, 38:17, 40:5, 42:21, 49:19
**offenses** 48:10
**Office** 1:30, 2:4, 25:25, 31:15, 36:7, 38:22
**officer** 16:25
**official** 51:5
**old** 4:5, 6:18, 8:14, 10:5
**one** 7:17, 9:12, 16:15, 22:10, 23:7, 29:6, 29:13, 45:4, 45:5, 45:21
**open** 15:2
**opportunity** 14:24, 16:24
**order** 12:24, 24:5, 31:23, 37:18, 46:15, 49:6, 49:8
**ordered** 22:11, 22:12, 35:24, 45:6
**ordering** 49:23
**otherwise** 23:17, 23:25, 46:3
**Outside** 21:3, 34:23

**own** 20:19, 34:20, 44:3


**< P >**
**p.m.** 26:10
**Page** 21:20, 24:22, 30:10, 35:14, 43:19, 44:19, 47:14
**Pages** 20:15, 20:16, 24:21, 30:9, 34:11, 34:13, 43:18, 47:13, 51:7
**paid** 45:21
**Paragraph** 23:5, 23:6, 23:8, 30:14, 46:12
**Parole** 17:2, 17:4
**part** 39:10
**passport** 49:8
**Paul** 1:23, 1:27, 7:20
**paul.yanowitch@usdoj.gov** 1:34
**pay** 13:1, 19:9, 22:12, 23:6, 27:11, 32:24, 42:16, 45:8
**pecuniary** 29:7
**penalties** 36:10, 46:25
**penalty** 14:16, 15:1, 15:5, 21:24, 29:3, 29:20
**percent** 6:14
**period** 22:1, 29:4, 45:3
**perjury** 3:21, 6:4, 8:8, 9:24
**permitted** 16:19
**persists** 13:3
**personal** 49:4
**persons** 40:19
**Phone** 1:33, 1:44, 2:7, 2:19, 2:29
**physically** 21:7, 28:19, 35:3, 44:9
**physician** 4:10, 6:23, 8:19, 10:10
**picture** 49:25
**Plaintiff** 1:8
**plead** 14:8, 14:14, 15:6, 15:9, 20:9, 21:5, 21:8, 21:9, 21:21, 21:22, 24:10, 24:13, 28:11, 28:17, 28:20, 30:2, 34:7, 34:25, 35:4, 35:15, 36:11, 37:22, 43:13, 44:7, 44:10, 44:20, 46:25, 47:2, 47:6
**pleading** 14:11, 15:12, 17:19, 18:22, 22:18, 22:23,

26:16, 29:2, 29:14, 29:18, 32:4, 36:5, 46:18
**pleas** 11:7, 11:12, 14:25, 16:19, 25:14, 25:15, 25:18, 47:10, 47:12, 48:7
**Please** 3:16, 5:20, 5:24, 8:3, 9:19
**Plus** 23:12, 29:12
**position** 39:5, 49:1, 49:3
**possess** 36:8, 46:21
**power** 13:9
**prepared** 16:23
**prescribed** 51:11
**presence** 14:20
**present** 14:22, 14:24, 40:17
**Presentence** 16:22, 26:2, 26:3, 26:10, 31:16, 31:23, 38:23, 39:3, 48:16, 48:21
**pressure** 15:8
**Pretrial** 39:8, 39:20, 49:7, 49:8, 50:1
**prison** 17:3
**probable** 40:9
**Probation** 10:13, 16:25, 25:25, 29:5, 31:15, 38:22, 48:15, 49:20
**problem** 4:21, 7:1, 8:22, 18:16
**problems** 39:22
**proceed** 11:9, 11:23, 12:5, 12:13, 12:22, 40:24
**proceeding** 11:15
**proceedings** 13:13, 21:23, 51:4, 51:6
**process** 13:9, 26:7, 31:20, 39:2, 48:16
**processing** 49:24
**production** 13:10
**profit** 22:13
**promise** 15:3, 15:7, 21:4, 28:16, 34:24, 44:6
**promises** 41:8
**proper** 45:10
**property** 23:9, 36:1, 46:13
**proposed** 16:25
**proposing** 5:6, 7:14, 9:10, 11:4
**prosecute** 46:2
**protected** 21:19
**prove** 13:21, 19:8, 19:17,

27:10, 27:19, 32:23, 33:6, 42:14, 42:22
**provided** 21:13, 28:25, 35:9, 44:14
**proving** 39:19
**provisions** 23:18, 46:4
**proximate** 40:20
**psychiatrist** 4:10, 6:23, 8:19, 10:10
**PUBLIC** 2:26, 13:6, 36:7
**punishment** 21:12, 22:21, 22:23, 24:7, 28:24, 29:18, 29:24, 35:8, 35:16, 36:9, 44:12, 44:13, 44:22, 45:11
**pursue** 40:16


< Q >
**questions** 3:20, 6:3, 8:7, 9:23, 50:2


< R >
**raise** 3:13, 5:20, 7:24
**range** 21:13, 28:25, 35:9, 44:13
**re-enter** 29:15
**reading** 18:8, 18:9, 18:12, 25:6, 25:7, 25:8, 27:4, 27:5, 27:6, 27:8, 30:23, 32:17, 32:18, 32:21, 38:8, 42:1, 42:9, 42:10, 42:12, 47:24
**Rearraignment** 1:22
**reason** 5:1, 7:9, 9:5, 15:10
**reasonable** 13:21, 19:8, 19:17, 27:10, 27:19, 32:23, 33:6, 42:16, 42:23
**reasonably** 16:13
**receive** 22:9, 29:12, 35:24, 49:17
**received** 17:22, 26:20, 32:7, 41:19
**recognizance** 49:4
**recommend** 30:5, 37:25, 47:9
**recommendation** 24:17, 36:18, 36:20
**recommendations** 11:11
**recommended** 25:17, 31:7, 38:16, 48:8

**recommending** 25:20, 31:11
**record** 3:17, 5:25, 8:4, 9:20, 19:11, 21:16, 25:5, 27:12, 30:21, 33:1, 35:12, 44:17
**Reform** 16:7
**reject** 11:12
**rejects** 45:16
**release** 22:5, 22:8, 22:9, 29:9, 29:10, 29:12, 35:19, 35:22, 35:23, 39:10, 44:24, 45:3, 45:12, 49:7, 49:14
**released** 17:4, 49:4, 49:6, 49:24
**relevant** 35:23, 45:6
**rely** 15:2
**remain** 39:6
**remaining** 23:15
**Renaissance** 2:16
**Report** 16:23, 26:2, 26:3, 26:10, 31:16, 31:17, 31:23, 38:23, 38:24, 39:4, 39:8, 48:16, 48:17, 48:21
**Reported** 2:31
**REPORTER** 51:5, 51:18
**reports** 39:18
**represent** 13:14
**representation** 20:5, 28:7, 34:4, 43:10
**representatives** 14:21, 34:14
**representing** 43:4
**request** 40:17
**required** 13:21, 16:7, 16:11, 19:6, 27:8, 32:21, 42:13, 42:14, 45:7
**reschedule** 39:12
**reserved** 23:19, 37:6, 46:4
**responses** 25:10, 31:2, 38:11, 48:2
**Restitution** 22:10, 22:11, 35:23, 45:6, 45:14
**result** 20:9, 22:18, 28:11, 29:14, 34:7, 43:13
**resulted** 20:10, 28:12, 34:8, 43:14
**results** 46:5
**Resume** 24:20, 24:23, 24:24, 30:8, 30:24, 38:2, 47:12
**return** 40:9
**reviewed** 47:22

**Richardson** 1:41
**rights** 13:1, 13:5, 13:25,
14:11, 14:12, 21:20, 21:21,
23:8, 24:2, 35:14, 35:15,
36:6, 36:8, 37:15, 44:19,
44:20, 46:10, 46:20, 46:22,
46:23
**Rm** 2:32
**Robinson** 1:28, 3:5
**run** 49:18
**runs** 26:8, 31:21, 48:20

< S >
**S.** 2:13
**s/cassidi** 51:15
**SALDANA-VAQUEZ** 15:25
**satisfied** 20:4, 25:9, 28:6,
31:1, 34:3, 38:10, 43:9, 48:1
**saying** 18:13
**SAYLES** 2:15
**says** 26:24, 32:12
**scheduling** 31:23
**seat** 17:15
**seeing** 18:7, 27:3, 32:16,
41:25, 42:8
**seized** 23:11
**sentence** 23:1, 23:18, 23:20,
23:25, 26:5, 31:19, 36:14,
37:6, 37:7, 37:12, 39:1,
39:22, 46:3, 46:5, 48:19
**sentenced** 17:3, 36:19
**Sentencing** 15:21, 16:6,
16:7, 16:8, 16:12, 17:6,
19:25, 23:5, 23:15, 26:9,
28:2, 31:22, 33:24, 37:8,
39:2, 39:14, 43:5, 48:21,
48:22
**serve** 36:7, 46:21
**Services** 3:8, 5:14, 39:9,
50:1
**session** 3:2, 39:11, 39:12
**set** 25:25, 26:9, 31:14, 38:21,
38:22, 39:2, 48:15
**seven** 43:18
**severe** 23:1, 36:14
**severity** 26:4, 31:18, 38:25,
48:19
**sheet** 42:3
**shown** 47:20, 51:6

**side** 5:8, 7:17, 9:12
**signature** 20:15, 24:21, 30:9,
34:12, 43:18, 47:13
**signed** 11:14, 11:20, 12:3,
12:10, 12:18, 20:17, 25:2,
30:11, 34:15, 38:2, 43:20,
47:15, 49:15
**simply** 36:20
**six** 4:9, 6:22, 8:18, 10:9,
34:11, 45:13
**sixteen** 40:18
**skip** 21:18, 35:13, 44:18
**smoothly** 26:8, 31:21, 48:20
**somewhere** 21:13, 28:25,
35:9, 44:13
**sorry** 18:13, 33:15, 47:5
**sound** 4:23, 7:6, 9:2, 10:22
**Spanish** 4:3, 6:11, 17:25,
20:17, 26:22, 30:11
**special** 22:9, 23:7, 29:12,
45:4, 45:20, 48:8
**speedy** 13:6
**stages** 13:13
**stand** 40:2
**start** 48:15
**state** 3:16, 5:24, 8:3, 9:19
**stated** 24:24, 30:13, 38:4
**statement** 3:22, 6:5, 8:9,
9:25, 15:3
**STATES** 1:1, 1:7, 1:30, 3:3,
3:6, 5:9, 7:18, 9:13, 11:8,
11:10, 13:4, 13:20, 16:8,
22:15, 22:20, 25:10, 29:16,
31:2, 36:2, 40:7, 40:13,
40:25, 46:16, 48:2, 49:11,
51:12, 51:18
**statute** 21:13, 28:25, 35:9,
44:14
**statutory** 23:20, 37:7, 46:6
**stenotypy** 51:5
**step** 5:8, 7:17, 9:12
**Stickney** 1:23
**stipulated** 16:14, 16:18,
30:14
**stipulation** 16:17
**Street** 1:31, 1:42, 2:17, 2:27,
2:32
**subject** 49:4, 49:7
**suffer** 4:20, 6:25, 8:21, 10:16
**Suite** 1:42, 2:5, 2:27

**summarize** 21:15, 35:11,
44:16
**superceding** 19:16
**superseding** 17:20, 21:22,
21:25, 24:10
**supervised** 22:4, 22:7, 22:9,
29:8, 29:10, 29:11, 35:18,
35:21, 35:23, 44:24, 45:2,
45:12
**supervision** 22:13, 35:25,
45:8, 49:8
**support** 24:19, 30:7, 38:2,
47:11
**supported** 31:5, 48:7
**surrounding** 20:2, 28:4,
34:1, 43:6
**swear** 3:13, 5:21
**Sworn** 3:11, 3:14, 5:17, 5:22,
8:1, 9:18

< T >
**talks** 21:20, 35:14, 44:19
**ten** 11:12, 22:2, 25:22,
31:12, 35:17, 38:19, 48:12,
49:17
**term** 22:1, 22:4, 22:6, 22:8,
29:4, 29:5, 29:8, 29:11,
35:17, 35:18, 35:20, 35:21,
35:22, 44:23, 44:24, 45:1,
45:11, 45:12
**terms** 20:25, 34:17, 43:22,
49:5
**testify** 13:17
**TEXAS** 1:2, 1:32, 2:28, 2:33,
51:19
**Thirty-three.** 8:15
**Thirty-two.** 10:6
**though** 16:5, 18:5, 18:11,
19:5, 27:7, 32:20, 40:25,
42:12
**threats** 15:7, 41:8
**three** 29:9, 35:19, 44:25,
45:13
**today** 4:24, 7:7, 9:3, 10:23,
11:23, 12:6, 12:14, 19:24,
25:22, 28:1, 28:17, 31:12,
33:13, 33:23, 35:1, 38:19,
48:13, 50:1
**took** 51:5

**touch** 39:23
**Tower** 2:16
**transcribed** 51:6
**transcript** 51:8, 51:10
**trial** 13:6, 13:7, 13:16, 13:20,
14:10, 14:12, 14:13
**True** 18:22, 21:22, 24:14,
24:15, 24:24, 25:6, 25:14,
25:18, 30:14, 30:17, 30:22,
38:4, 38:7, 47:7, 47:8, 47:10,
47:17, 47:20, 47:23, 48:6,
48:12, 51:8
**trusted** 39:21
**truthful** 45:22
**turn** 20:10, 28:12
**twelve** 40:20
**twenty** 29:4
**Twenty-five** 6:19
**Twenty-nine.** 4:6
**twenty-three** 40:19
**twice** 22:3, 29:7
**two** 20:16, 45:4
**TX** 1:43, 2:6, 2:18


**< U >**
**underlying** 49:19
**understanding** 17:18, 26:16,
32:3
**UNITED** 1:1, 1:7, 1:30, 3:3,
3:5, 5:9, 7:18, 9:13, 11:8,
11:9, 13:4, 13:20, 16:8,
22:14, 22:20, 25:10, 29:16,
31:2, 36:2, 40:7, 40:13,
40:25, 46:16, 48:2, 49:10,
51:12, 51:18
**unless** 14:15, 40:8
**until** 16:22
**upstairs** 49:25
**USSG** 39:2


**< V >**
**valuable** 36:6, 46:20, 46:22
**Vasquez** 31:4, 31:8
**verdict** 14:17
**versed** 26:7, 31:20
**versus** 3:3, 7:19, 25:11,
31:3, 48:3
**victim** 22:4, 29:8, 44:24

**violate** 22:7, 23:15, 35:21,
39:13, 39:14, 45:25
**violated** 29:10, 45:2
**visit** 26:1, 31:16
**voluntarily** 15:9, 20:19,
21:17, 34:20, 41:18, 44:3,
46:13
**voluntariness** 23:21, 37:9,
46:7
**voluntary** 5:6, 7:15, 9:10,
11:4, 25:14, 38:14, 48:7
**vote** 36:7, 46:21
**vs** 1:10


**< W >**
**Waive** 17:1, 18:8, 21:20,
24:2, 25:6, 25:7, 25:8, 27:4,
27:5, 27:6, 30:23, 30:25,
32:17, 32:18, 35:15, 37:15,
38:7, 38:8, 40:11, 40:15,
40:23, 41:9, 41:11, 42:1,
42:9, 42:10, 42:11, 42:12,
44:20, 47:23, 47:24
**waived** 18:11, 23:17, 27:7,
32:20, 37:5, 46:2, 46:9
**waiver** 23:22, 37:9, 41:14,
41:18
**waiving** 14:11, 41:3
**wants** 18:14
**Werbner** 2:13, 2:15, 33:12,
33:16, 33:24, 34:12
**Whether** 13:17, 14:16, 15:3,
37:4, 45:22, 45:24
**WILLIAM** 1:39
**willingness** 20:8, 28:10,
34:6, 43:12
**wish** 11:22, 12:5, 12:13,
12:21, 18:6, 18:8, 24:2, 25:7,
27:3, 27:5, 30:23, 32:16,
32:18, 37:15, 38:8, 41:11,
41:25, 42:10, 42:11, 47:24
**wishes** 40:16
**withdraw** 16:19, 23:3, 36:16,
36:24, 45:17
**witnesses** 13:8, 13:11
**Worried** 10:13
**write** 3:24, 4:2, 6:7, 6:10,
8:11, 10:2
**written** 21:3, 21:19, 34:23,

35:12, 44:17


**< Y >**
**YANOWITCH** 1:27, 7:20,
42:5, 49:3, 50:5
**year** 4:7, 6:20, 8:16, 10:7
**years** 6:19, 22:2, 22:5, 29:5,
29:6, 29:9, 35:17, 35:19,
44:24, 44:25, 45:4, 45:13,
49:17
**yourself** 22:4